SNEED, Circuit Judge:
 

 This appeal involves a challenge by appellant Rosalyn Fondiller to an order of the bankruptcy court. Appellant’s husband, Harry Fondiller, is a debtor in proceedings brought under chapter 7 of the Bankruptcy Reform Act of 1978. The order appealed from authorized the employment of the law firm of Gendel, Raskoff, Shapiro & Quitt-ner as special counsel to the bankruptcy trustee. Both appellant and the debtor appealed the bankruptcy court’s order to the United States Bankruptcy Appellate Panels of the Ninth Circuit. That court affirmed.
 
 In re Fondiller,
 
 15 B.R. 890 (Bkrtcy.App. 9th Cir.1981). Only Mrs. Fondiller seeks review of the panels’ decision. We dismiss. Appellant has no standing to appeal. It is also probable that the order, being interlocutory, is not subject to review by this court.
 
 [1]
 
 We rest our disposition exclusively on the ground of standing, however.
 

 
 *442
 
 I.
 

 FACTS
 

 Appellant is the wife of Harry Fondiller (debtor), a debtor under chapter 7 of the Bankruptcy Reform Act of 1978 (the Code). Arnold Quittner (and the law firm of Gen-del, Raskoff, Shapiro and Quittner) represents several of debtor’s creditors. While representing his clients in the previously filed bankruptcy of Holosonics, Inc., a company in which debtor was a principal, Quitt-ner engaged in an extensive investigation regarding concealed assets and fraudulent conveyances in which debtor and appellant allegedly were involved. Debtor and appellant each have pending suits in state court that allege abuses on the part of Quittner and Quittner’s clients in the conduct of that investigation.
 

 The trustee in the present bankruptcy case requested authority from the bankruptcy court to employ Quittner and the Quittner firm as special counsel for the specific purpose of continuing to investigate and attempting to recover any assets concealed or fraudulently conveyed. The creditors’ committee approved Quittner’s employment; only debtor and appellant objected. Appellant’s objection was and continues to be that Quittner is ineligible for employment by the trustee because he holds an “interest adverse to the estate,” in contravention of section 327(a) and (c) of the Code. Because of appellant’s lack of standing, we do not address the merits of her complaint.
 

 II.
 

 DISCUSSION
 

 Only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order.
 
 Hartman Corp. of America v. United States,
 
 304 F.2d 429, 431 (8th Cir.1962); see
 
 Skelton v. Clements,
 
 408 F.2d 353 (9th Cir.),
 
 cert. denied,
 
 394 U.S. 933, 89 S.Ct. 1202, 22 L.Ed.2d 462 (1969). Thus, a hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate.
 
 E.g., Skelton v. Clements,
 
 408 F.2d at 354. Such an order would not diminish the debtor’s property, increase his burdens, or detrimentally affect his rights.
 
 In re Capitano,
 
 315 F.Supp. 105, 107 (E.D.La.1970).
 

 
 *443
 
 This rule of appellate standing, the so-called “person aggrieved” test, derives from section 39c of the Bankruptcy Act of 1898, which permitted appeal by a “person aggrieved by an order of a referee.” 11 U.S.C. § 67(c) (1976) (repealed 1978). It exists to fill the need for an explicit limitation on standing to appeal in bankruptcy proceedings. This need springs from the nature of bankruptcy litigation which almost always involves the interests of persons who are not formally parties to the litigation. In the course of administration of the bankruptcy estate disputes arise in which numerous persons are to some degree interested. Efficient judicial administration requires that appellate review be limited to those persons whose interests are directly affected.
 

 There is no statutory provision comparable to section 39c in the 1978 Code. This omission, however, does not mean that the “person aggrieved” test is no longer valid. The need for the rule continues to exist.
 
 See
 
 Levin,
 
 Bankruptcy Appeals,
 
 58 N.C.L.Rev. 967,975-79 (1980). And there is no evidence that Congress intended to alter the right to appellate review by leaving undefined in the Code the requisites for standing.
 
 In re Goodwin's Discount Furniture, Inc.,
 
 16 B.R. 885, 888 (Bkrtcy. 1st Cir.1982);
 
 see
 
 1 Collier on Bankruptcy, ¶ 3.03[6][b] (15th ed. 1982).
 

 At least two courts have expressly applied pre-Code standing-to-appeal law to appeals under the Code.
 
 See In re Goodwin’s Discount Furniture, Inc.,
 
 16 B.R. at 888-89;
 
 In re Jewel Terrace Corp.,
 
 10 B.R. 1008, 1011 n. 3 (E.D.N.Y.1981). This course was recommended by a leading commentator. 1 Collier on Bankruptcy, ¶ 3.03[6][b], at 3-287 (15th ed. 1982). We adopt it. To have standing to bring this appeal, appellant must demonstrate that she was directly and adversely affected pecuniarily by the order of the bankruptcy court.
 

 Our review of the record shows that the order appointing Quittner as special counsel has no direct and immediate impact on appellant’s pecuniary interests. The order authorized Quittner’s employment for the ex-elusive purpose of representing the trustee in an attempt to recover assets allegedly concealed by appellant and the debtor. Thus, appellant’s only demonstrable interest in the order is as a potential party defendant in an adversary proceeding. As such, she is not a “person aggrieved” by Quitt-ner’s appointment.
 
 See Rogers v. Bank of America,
 
 142 F.2d 128 (9th Cir.1944);
 
 In re Snyder,
 
 4 F.2d 627, 628 (9th Cir.),
 
 cert. denied,
 
 269 U.S. 556, 46 S.Ct. 19, 70 L.Ed. 409 (1925) (dicta). The order did not diminish her property, increase her burdens, or detrimentally affect her rights. Therefore, we hold that appellant lacks standing to bring this appeal.
 

 APPEAL DISMISSED,
 

 [1]
 

 . Courts of appeals do not have jurisdiction to consider an appeal from a decision of the bankruptcy appellate panel reviewing a bankruptcy court’s
 
 interlocutory
 
 order.
 
 In re Rubin,
 
 693 F.2d 73 (9th Cir.1982) (interpreting 28 U.S.C. § 1293(a), (b));
 
 In re International Horizons, Inc.,
 
 689 F.2d 996, 1000 (11th Cir.1982);
 
 In re Kutner,
 
 656 F.2d 1107 (5th Cir.1981),
 
 cert. denied,
 
 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982). It is significant that the bankruptcy appellate panels and the district courts have discretionary jurisdiction over appeals from in
 
 *442
 
 terlocutory orders of the bankruptcy court. 28 U.S.C. §§ 1334(b), 1482(b). No such discretion is vested in courts of appeals.
 

 A final order is one “which finally determines the rights of parties to secure in that suit the relief they seek.”
 
 In re Merle’s Inc.,
 
 481 F.2d 1016, 1018 (9th Cir.1973) (an order disapproving the trustee’s compromise of claim against a creditor is interlocutory and not reviewable). In contrast, an order is not final when it “merely disposes of an incidental procedural matter during the proceedings in the bankruptcy court.”
 
 In re Kutner,
 
 656 F.2d at 1111. That is probably the situation in the present case.
 
 See In re Horton,
 
 621 F.2d 968, 970 (9th Cir.1980);
 
 Ruotolo v. Ruotolo,
 
 572 F.2d 336, 337 (1st Cir. 1978);
 
 In re Young Properties Corp.,
 
 534 F.2d 847, 851 (9th Cir.),
 
 cert. denied,
 
 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976). The order appointing Quittner as special counsel did not finally resolve all contested issues between Quittner and the trustee on one hand, and appellant on the other.
 

 There is an exception to the finality of judgment rule. Review of an interlocutory order is available under the principles of
 
 Cohen
 
 v.
 
 Beneficial Indus. Loan Corp.,
 
 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).
 
 See In re Regency Woods Apartments, Ltd,
 
 686 F.2d 899, 901-02 (11th Cir.1982);
 
 In re Continental Inv. Corp.,
 
 637 F.2d 1, 4 (1st Cir.1980). To be reviewable under
 
 Cohen,
 
 three factors must be present. “ ‘[Tjhe order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.’ ”
 
 Firestone Tire & Rubber Co. v. Risjord,
 
 449 U.S. 368, 375, 101 S.Ct. 669, 674, 66 L.Ed.2d 511 (1981) (quoting
 
 Coopers & Lybrand v. Livesay,
 
 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)).
 

 The order appealed from in this case is very likely reviewable on appeal from final judgment. Appellant can assert any claim with respect to which she might have standing by appealing any final order of the bankruptcy court in which Quittner’s allegedly improper participation has tainted the proceedings. The order probably is unreviewable also under the first prong of the
 
 Cohen
 
 test. The bankruptcy court is free to reassess Quittner’s eligibility for employment at any time. Thus, the order authorizing Quittner’s employment may not be eligible for immediate review.