991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Robert A. FELBURG; Norma Felburg, Debtors.
Robert A. FELBURG, Appellant,
v.
STUTMAN, TREISTER & GLATT; Nossaman, Guthner, Knox &
Elliott; Greenberg, Glusker, Fields, Claman &
Machtinger; Robert Linsow; Steven G.
Wolff; Pachulski, Stang and
Ziehl, P.C., Appellees.
 No. 91-56205.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 15, 1993.
 
 Before WALLACE, Chief Judge, and O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 ORDER DISMISSING APPEAL
 
 1
 On March 9, 1993, we entered an order requesting the parties to address the issue of whether appellant Felburg has standing to bring this appeal. The appellees have responded and argue that the record does not indicate that Felburg has a pecuniary interest in the outcome of this appeal. Felburg has failed to respond to our order.
 
 
 2
 Standing is a necessary element of our jurisdiction, and we must satisfy ourselves that Felburg has standing before we may proceed. City of South Lake Tahoe v. California Tahoe Regional Planning Agency, 625 F.2d 231, 233 (9th Cir.), cert. denied, 449 U.S. 1039 (1980). In order to have standing to appeal from an order of the bankruptcy court, Felburg "must demonstrate that [he] was directly and adversely affected pecuniarily" by that order. In re Fondiller, 707 F.2d 441, 443 (9th Cir.1983). Felburg has failed to do so.
 
 
 3
 On the contrary, he suggests in his reply brief that he is "unlikely to have any economic interest in any savings which this appeal may create for the bankrupt estate." He also suggests that he has been working on behalf of the creditors rather than on his own behalf. The record itself contains conflicting assertions by Felburg regarding his economic interest in the fee enhancement award.
 
 
 4
 We are not satisfied based on the record before us that Felburg has standing to appeal from the bankruptcy court order. It was his burden to prove his standing, and he has failed to do so.
 
 
 5
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4