4 F.3d 997
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of James B. LIGHTLE and Dolores M. Lightle,
Debtors/Appellants.
 No. 92-3969.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 12, 1993.*
Decided Aug. 19, 1993.
 
 1
 Appeal from the United States District Court for the Central District of Illinois, Springfield Division, No. 92-CV-3161; Richard Mills Judge.
 
 
 2
 C.D.Ill.
 
 
 3
 DISMISSED.
 
 ORDER
 
 4
 James and Dolores Lightle appeal from decisions of the bankruptcy and district courts. Because the Lightles do not qualify as "persons aggrieved" by the courts' orders, we dismiss their appeal.
 
 I. BACKGROUND
 
 5
 In 1988, the Lightles filed a petition to reorganize their family farm under Chapter 12 of the bankruptcy code. The Lightles plan of reorganization recognized Farmer's State Bank (FSB) as a creditor holding a secured interest in farm land and machinery.
 
 
 6
 The plan required the Lightles to pay their outstanding loans to FSB in yearly installments of $67,743.97, due each August 31. The Lightles secured the payment of these installments by placing into escrow quit-claim deeds for their real estate and bills of sale for their machinery. If the Lightles defaulted on their obligations to FSB, the bank could take title to the secured property without resorting to foreclosure.
 
 
 7
 Before recording the deeds, however, the bank was required to give notice to the debtors and other "parties in interest." The relevant portions of the plan state:
 
 
 8
 In the event Debtors is [sic] given written notice by Certified Mail ("First Notice: Debtor's Notice of Default") by FSB of his failure ("default") to.... [p]ay any scheduled payment of principal and interest in full ... and the default remains uncured for thirty (30) days, then the procedures set forth in paragraph 5(d) shall be implemented.
 
 Paragraph 5(d) provides that:
 
 9
 FSB shall promptly give notice by Certified Mail ("Second Notice: Creditor's Notice of Default") in writing to each junior lien or mortgage holder, the Debtors, and to all other creditors and parties in interest that a default has occurred under the plan.
 
 
 10
 Within 20 days from the date of the creditor's notice of default, junior lien holders, and all other creditors and parties in interest (but not the Debtors) shall have the right to either cure the default or obtain the position of the first mortgage holder by purchasing FSB's (and any intervening lien holders [sic] position for an amount computed by determining the principal, interest, fees, and charges dues to FSB and any intervening lien holder.
 
 
 11
 If no party in interest came forward in twenty days, FSB was to notify the parties that it was recording the deeds.
 
 
 12
 Since the plan's inception, the Lightles have never made timely payment of an installment. When their first payment came due on August 21, 1989, the Lightles sought a one-time modification of the plan. The bankruptcy court granted the one-time modification, allowing the Lightles to cure their default in either the 30-day period after the first notice or the 20-day period after the second notice. The bank accepted the tardy payment of the 1989, and later of the 1990, installments.
 
 
 13
 After the Lightles failed to pay their third installment on August 31, 1991, FSB began its notification process. It sent the "First Notice" to the Lightles on September 3, 1991. When the Lightles did not cure by October 4, 1991, FSB sent out its "Second Notice" to the creditors and parties-in-interest (the parties-in-interest). At least one of these parties-in-interest attempted to cure the default on October 23, 1991, but FSB denied the payment because it had already recorded the deeds.
 
 
 14
 On November 8, 1991, the bankruptcy court held a hearing to determine if FSB properly recorded the deeds. It decided that FSB had appropriately sent out the first and second notices, but that it had cut off the creditors' redemption period one day too soon. Instead of suggesting a method for rectifying this problem, the court urged the parties to draft an agreed order.
 
 
 15
 The parties never drafted the agreed order. FSB scheduled a meeting with the Lightles on December 26, 1991, but the Lightles never appeared. The bank subsequently reinitiated the default process. It sent out its first notice on January 9, 1992, its second notice on February 12, 1992, and its third notice on March 6, 1992. When no payment was made, FSB asked the bankruptcy court to confirm its notice procedures.
 
 
 16
 Although the Lightles criticized the bank for failing to place the deeds back into escrow before beginning the default process, the bankruptcy court found the bank's procedures in compliance with the plan. The court also noted that the Lightles had been in default for seven months and that they still lacked the funds to make overdue payments. The district court affirmed the bankruptcy court on appeal.
 
 II. ANALYSIS
 
 17
 In this appeal, the Lightles claim that FSB violated the plan by failing to place the deeds into escrow. The bank's possession of the deeds allegedly prevented the Lightles from obtaining financing necessary to cure their default.
 
 
 18
 To appeal the bankruptcy court's order, the Lightles must qualify as "person[s] aggrieved" by the order. In re DuPage Boiler Workers, Inc., 965 F.2d 296, 297 (7th Cir.1992). This requirement is more exacting than the requirements for standing under Article III of the Constitution. In re Andreuccetti, 975 F.2d 413, 416 (7th Cir.1992). The debtor must show that their pecuniary interests are "directly and adversely affected ... by an order of the bankruptcy court," In re Fondiller, 707 F.2d 441, 442 (9th Cir.1983), but monetary harm alone does not confer standing upon the appellate court. In re Umpqua Shopping Center, Inc., 111 Bankr. 303, 305 (Bankr. 9th Cir.1990). A debtor "must assert his own legal rights and interests, and cannot rest his claims to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975); Umpqua, 111 Bankr. at 305.
 
 
 19
 Under this definition, the Lightles are not "persons aggrieved" by the bankruptcy court's decision. They are simply attempting to assert the rights of the parties-in-interest in an attempt to remedy an injury to themselves. The Lightles complain that FSB denied them their right to cure in 1992, but they had no right to cure after October 4, 1991. The plan allowed them to make payments only in the thirty days after the first notice. FSB afforded the lightles that right by sending out its first-notice on September 3, 1991, then waiting thirty days for them to cure. By the time FSB sent out its second notice on October 4, 1991, the Lightles had already waived any right to cure.
 
 
 20
 The parties-in-interest, of course, retained their right to cure or buy out the loan until October 24, 1991. The bankruptcy court concluded that FSB denied them this right by cutting their twenty-day redemption period short. After the bankruptcy court's decision, FSB had a duty to remedy its mistake to the parties-in-interest, but it had no additional duties to the Lightles.
 
 
 21
 The only issue before the bankruptcy court on March 31, 1992 should have been whether FSB's second default procedures afforded the parties-in-interest their rights under the plan. Because the parties-in-interest are not parties to this appeal, we cannot review the bankruptcy court's order.
 
 
 22
 DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). The appellee has filed such a statement. After considering that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs and records