MEMORANDUM **
William S. Ellis, Jr. appeals the district court’s order dismissing his appeal of a bankruptcy court order because he was not an “aggrieved party” entitled to appeal the decision. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we dismiss the case.
In addition to the traditional standing requirements, the bankruptcy court imposes an additional prudential standing requirement that a party must be a “ ‘person aggrieved’ by the bankruptcy court’s order.” Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.), 177 F.3d 774, 777 (9th Cir.1999). “An appellant is aggrieved if ‘directly and adversely affected pecuniarily by an order of the bankruptcy court’; in other words, the order must diminish the appellant’s property, increase its burdens, or detrimentally affect its rights.” Id. (citing Fondiller v. Roberston (In re Fondiller), 707 F.2d 441, 442 (9th Cir.1983)).
Whether Ellis is a “person aggrieved” is a question of fact, which we review for clear error. Id. The party invoking federal jurisdiction must establish standing to sue. See San Diego Gun Rights Comm. v. Reno, 98 F.3d 1121, 1126 (9th Cir.1996).
Ellis alleges that the bankruptcy court’s order decreased the value of the bankruptcy estate of which Ellis is an equity holder. Ellis’ argument fails. We find no evidence of record demonstrating how the bankruptcy court’s order decreases or increases the value of the estate. Ellis does state that the agreement at issue obligated other parties to make “certain payments” to the debtor; however, he has not alleged *184 what these payments are or how they could be recovered.
In his individual capacity Ellis does not meet the definition of a “person aggrieved.” Our decision that Ellis lacks standing is based on statements by the bankruptcy court upon which the district court relied in making its determination that Ellis lacked standing. The bankruptcy court stated that it did not decide the following questions: (1) whether Ellis retained rights under the Second Amended and Restated Kulamanu Development Agreement (“SARKDA”); (2) whether Ellis had to be a party to an effective release of SARKDA; or (3) what effect the release would have without Ellis’ participation. Our decision is also premised on our understanding that Ellis retains the right to challenge the validity of the release order in a separate proceeding.
The district court properly determined that Ellis was not a “person aggrieved.”
DISMISSED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.