**H & M OIL & GAS L.L.C., Appellants**

v.

**BRAZOS 440 PARTNERS, L.P., et al., Appellees.**

No. 07–CV–00084.

United States District Court, W.D. Texas, Midland–Odessa Division.

April 15, 2008.

David Dennis Ritter, Kenneth C. Johnston, Kane, Russell, Coleman & Logan, Dallas, TX, for Appellant H & M Oil & Gas L.L.C.

Rhett G. Campbell, Mitchell E. Ayer, Tye Hancock, for Appellees Brazos 440 Partners L.P., NAWAB Energy Partners, Frio Energy Partners, L.P.; LeaD 1 JV, L.P.

Blaine F. Bates, Charles A. Beckham, Jr., E. Brooks Hamilton, Kourtney Lyda, Mark Trachtenberg, Haynes and Boone, LLP, Houston, Texas, Eric Brad Terry, Haynes and Boone, LLP, San Antonio, TX, for Appellees Lothian Oil, Inc., Lothian Oil (USA), Inc.; Lothian Oil Texas I, Inc.;

Lothian Oil Texas II, Inc.; Lothian Oil Investments I, Inc.; Lothian Oil Investments II, Inc.; LEaD I JVGP, Inc.

Henry W. Simon, Jr., Barlow Garsek & Simon, LLP, Fort Worth, TX, Jeffrey Mark Tillotson, Lynn, Tillotson & Pinker, L.L.P., Dallas, TX, for Intervenors Ad Hoc Committee of Series A Convertible Preferred Shareholders.

### ORDER DISMISSING APPEAL

ROBERT JUNELL, District Judge.

Before the Court are: Appellees'/Debtors' Motion to Dismiss Consolidated Appeal as Moot (Doc. 16), filed November 2, 2007; Appellees' Motion to Join Appellee/Debtors' Motion to Dismiss as Moot (Doc. 59), filed March 25, 2008; and the Official Unsecured Creditors Committee's Motion to Join with Appellee/Debtors' Motion to Dismiss as Moot (Doc. 63), filed April 1, 2008. The Court DISMISSES the above-numbered and styled appeal.

### BACKGROUND

On June 13, 2007, Lothian Oil, Inc. filed for bankruptcy protection. On August 27, 2007, H & M Oil and Gas, LLC ("H & M" or "Appellant"), under 28 U.S.C. § 158, appealed the Bankruptcy Court's rulings on three motions that were consolidated on appeal. No other party timely filed a Notice of Appeal. The Appellees named as parties in this bankruptcy appeal were Brazos 440 Partners, LP; NAWAB Energy Partners, LP; Frio Energy Partners, LP; and LeaD I JV, LP ("Appellees"). Lothian Oil was also named as an interested party.

On November 30, 2007, the Court held a hearing on the pending issues in this appeal. At the hearing, H & M agreed that it would accept payment on its disputed claim if authorized by the Bankruptcy Court. That same day, the Court entered an Order abating the appeal, suspending briefing deadlines, and ordering that the parties file a pleading in the Bankruptcy Court seeking authority to pay the amount in dispute by H & M.

Following that Order, the Bankruptcy Court held two hearings. The first hearing, conducted on February 5, 2008, was on the Appellees' Motion to Determine. After this hearing, the Bankruptcy Court entered an Order on February 7, 2008, granting in part and denying in part the Motion to Determine. The Bankruptcy Court authorized payment of the principal amount claimed by H & M. At that time, the Bankruptcy Court declined to rule on Appellees' objection to the amount claimed by H & M, so H & M's claim was not completely liquidated.

Thereafter, the Bankruptcy Court, on March 11, 2008, conducted a second hearing to settle Appellees' objection to H & M's claim for attorney's fees. This Court, on March 19, 2008, issued an Order stating that it would consider appeals after the issuance of an Order from the Bankruptcy Court concerning its March 11 hearing. On March 20, 2008, the Bankruptcy Court entered an Order liquidating the amount owed on H & M's claim.

On March 25, 2008, Appellees Frio Energy Partners, LEaD I, JV, Brazos 440 Partners, and NAWAB Energy Partners filed both a Motion to Join Appellees/Debtors' Motion to Dismiss Consolidated Appeal as Moot and a Notice to the Court regarding the status of the Motion to Determine that was filed with the Bankruptcy Court. The Notice to the Court informed the Court that Brazos 440 tendered a check intended to constitute payment in full of H & M's claims. H & M filed a Response to the Appellees' Notice to the Court on March 28, 2008, informing the Court that the check had been returned to Brazos 440's counsel and that H & M would comply with the Bankruptcy Court's Order on the Motion to Pay by considering

settlement offers. On April 1, 2008, the Official Unsecured Creditors Committee also filed a Motion to Join with Appellees/Debtors' Motion to Dismiss Consolidated Appeal as Moot

### DISCUSSION

#### A. DISMISSAL OF BANKRUPTCY APPEAL

■ To demonstrate that he has the standing to pursue an appeal, an appellant must show that he was "directly and adversely affected pecuniarily by the order of the bankruptcy court." *Gibbs & Bruns LLP v. Coho Energy, Inc. (In re Coho Energy, Inc.)*, 395 F.3d 198, 202 (5th Cir. 2004) (citing *In re Fondiller*, 707 F.2d 441, 443 (9th Cir.1983)). As such, this "person aggrieved" test in bankruptcy is "an even more exacting standard than traditional constitutional standing." *See id.* Because the Court finds that H & M lacks standing, the Court DISMISSES H & M's bankruptcy appeal.

At the Court's November 30, 2007 hearing, Appellants agreed that they would accept payment on their disputed claim if authorized by the Bankruptcy Court. (Hr'g Tr. 10, Nov. 30, 2007) (stating "If the bankruptcy court would allow us to take the payment from Brazos, then, as we stated in our letter, we're good to go."). The Bankruptcy Court entered an Order on the Appellees' Motion to Determine on February 7, 2008, authorizing payment of the principal amount claimed by H & M. Then on March 20, 2008, the Bankruptcy Court entered a second Order liquidating the amount, including attorneys' fees, owed on H & M's claim.

H & M did not transact business with Appellee/Debtor Lothian Oil before Lothian filed for bankruptcy; instead, H & M purchased its bankruptcy claim from Kayser Consulting Services of Texas, Inc. on July 10, 2007. (Appellant's Resp. to Appellees' Mot. to Dismiss Appeal 2). H &

M was neither a creditor nor a party in interest as of the petition date when Lothian filed for bankruptcy. (Mot. to Dismiss Appeal as Moot 8). Under the Bankruptcy Court's orders, mentioned above, the amount of this claim has been liquidated, and the money has been tendered to H & M. The Court now finds that H & M is not "directly affected" by the Bankruptcy Court's Orders concerning compromise of claims from which H & M initially appealed; the bankruptcy orders appealed from no longer affect H & M's recovery on its claim. Without standing, H & M cannot pursue its bankruptcy appeal.

■ Secondly, the Court finds that H & M is barred from pursuing its appeal under the doctrine of equitable mootness. The Bankruptcy Rules state that an appellant may seek a stay pending appeal that would "suspend or order the continuation of other proceedings in the case ... or make any other appropriate order ... as will protect the rights of all parties in interest." Fed. R. Bankr.P. 8005. H & M did not attempt to obtain a stay under Bankruptcy Rule 8005 before appealing the Bankruptcy Court's compromise orders. Had it done so, H & M could have preserved the status quo and prevented a "comprehensive change in circumstances." *Cleveland, Barrios, Kingsdorf & Casteix v. Thibaut*, 166 B.R. 281, 286–86 (E.D.La. 1994). Because there was no stay of proceedings, the Court finds that the transactions underlying this appeal have been completed, rendering H & M's appeal moot. For the aforementioned reasons, the Court **DISMISSES** this bankruptcy appeal.

#### B. DENIAL OF INTERVENTION BY AD HOC COMMITTEE

■ Though the Federal Rules of Bankruptcy Procedure facially give a creditors' committee the "absolute statutory right to

intervene" in bankruptcy adversary proceedings, the Fifth Circuit, interpreting the bankruptcy rules, found that bankruptcy creditors' committees do not have an absolute statutory right to intervene in adversary proceedings. *Fuel Oil Supply & Terminaling v. Gulf Oil Corp.,* 762 F.2d 1283, 1287 (5th Cir.1985). Thus, the intervenors in this bankruptcy appeal must seek intervention under the Federal Rules of Civil Procedure.

■ The Ad Hoc Committee seeks to establish a right to intervene in the bankruptcy appeal pending before the Court. *See* Fed.R.Civ.P. 24; Ad Hoc Committee's Reply Br. in Support of Mot. to Intervene, 1. To intervene as of right, the Ad Hoc Committee would need to show that it has "an interest in the property or transaction which is the subject of the action." *Id.* at (a)(2); *see also Fuel Oil Supply & Terminaling,* 762 F.2d at 1287.

The Court finds that the Ad Hoc Committee is unable to show the necessary interest in the property or transaction. The Ad Hoc Committee, though formed of shareholders who could have appealed in their individual capacities, did not attempt to appeal the Bankruptcy Court's rulings that H & M Oil and Gas appealed. To file a timely notice of appeal pursuant to Federal Rule of Bankruptcy Procedure 8002, the Ad Hoc Committee would have needed to either (1) file a timely Notice of Appeal within ten days after the date of entry of the Bankruptcy Court's Order Denying Reconsideration of the Order Regarding Motion to Approve Compromise of Claims by and Between the Estates, Frio Energy Partners, L.P. and LeaD I JV, L.P., dated August 16, 2007, or (2) file a Motion for Extension of Time to file. *See* Fed. R. Bankr.P. 8002(a), (c).

The Ad Hoc Committee failed to file either document. It argues that its creation six months after the deadline passed has prevented the Ad Hoc Committee

from being a "person aggrieved" with standing to appeal at the earlier time when H & M appealed. The Court is not persuaded by this line of reasoning. The Ad Hoc Committee's members were interested parties in the bankruptcy proceeding who could have previously appealed the bankruptcy court's ruling.

The Ad Hoc Committee has not shown excusable neglect nor good cause why this deadline was not met, and the Court does not find exceptional circumstances to resurrect the Ad Hoc Committee members' ability to appeal the Bankruptcy Court's judgment. *See McKenna v. Pan Am. Petroleum Corp.,* 303 F.2d 778, 779 (5th Cir. 1962).

There is no action pending before the Court in which the Ad Hoc Committee has an interest in which to intervene. Thus, the Court **DENIES** the Motion to Intervene by the Ad Hoc Committee of Series A Convertible Preferred Shareholders.

## CONCLUSION

For the aforementioned reasons, the Court **DISMISSES** the above-numbered and styled appeal. The Court also **DENIES** the Motion to Intervene by the Ad Hoc Committee of Series A Convertible Preferred Shareholders (Doc. 54). Additionally, the Court **DENIES AS MOOT** the following Motions: Appellees' Motion to Dismiss Appeal of H & M Oil and Gas (Doc. 6); Appellees'/Debtors' Motion to Dismiss Consolidated Appeal as Moot (Doc. 16), filed November 2, 2007; Appellees' Motion to Supplement its Motion to Dismiss (Doc. 27); Appellees' Motion for Leave to File Reply to H & M's Response (Doc. 37); Appellees' Motion to Join Appellee/Debtors' Motion to Dismiss as Moot (Doc. 59), filed March 25, 2008; and the Official Unsecured Creditors Committee's Motion to Join with Appellee/Debtors' Mo-

tion to Dismiss as Moot (Doc. 63), filed April 1, 2008.

**IT IS SO ORDERED.**