NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. AZ-16-1260-LBJu |
| | ) | |
| GILBERT HOSPITAL, LLC, | ) | Bk. No. 14-01451-MCW |
| | ) | |
| Debtor, | ) | |
| _____ | ) | |
| DAVID K. GOTTLIEB, Trustee | ) | |
| of the Gilbert Hospital | ) | |
| Unsecured Creditors' Trust, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[*] |
| | ) | |
| GILBERT HOSPITAL, LLC; | ) | |
| TIMOTHY JOHNS, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Argued and Submitted on May 18, 2017
at Phoenix, Arizona

Filed - June 8, 2017

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Madeleine C. Wanslee, Bankruptcy Judge, Presiding

_____

Appearances:    Keith L. Hendricks of Moyes Sellers & Hendricks Ltd. argued for Appellee Timothy Johns; Daren R. Brinkman, Laura J. Portillo and Kevin Ronk of Brinkman Portillo Ronk, APC on brief for Appellant David K. Gottlieb.

_____

Before: LAFFERTY, BRAND, and JURY, Bankruptcy Judges.

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

## INTRODUCTION

David K. Gottlieb, Trustee of the Gilbert Hospital Unsecured Creditors' Trust ("GH USC Trust"), appeals the bankruptcy court's order overruling his § 502(d)[1] [2] objection to the allowance of Dr. Timothy Johns' administrative claim for post-petition services as Chief Medical Officer ("CMO") of Gilbert Hospital, LLC ("GH"). The bankruptcy court overruled the objection because the § 502(d) issue had been raised and settled in the context of a motion to approve a settlement of Dr. Johns' pre- and post-petition claims against GH and a related debtor.

We AFFIRM.

## FACTS

GH filed a chapter 11 petition on February 5, 2014. Several months earlier, a different hospital with the same founders (including Dr. Johns), Florence Hospital at Anthem, LLC ("FHA"), had filed a chapter 11 case in the same district (case no. 13-03201-BMW, presided over by the Honorable Brenda Moody Whinery). The cases were jointly administered for plan confirmation in the FHA court.

Dr. Johns was the CMO for GH and the sole manager of FHA. Shortly after the GH bankruptcy was filed, GH entered into an Amended and Restated Chief Medical Officer Agreement with Dr. Johns, which spelled out Dr. Johns' duties as CMO and set his

---

[1]Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2]Section 502(d) requires the disallowance of a claim of any entity from which property is recoverable under section 542, 543, 550, or 553 or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a).

compensation at $175 per hour.

Over the course of the bankruptcies, Dr. Johns asserted pre- and post-petition claims against both GH and FHA, some of which were disputed. The debtors and Dr. Johns negotiated a settlement of those claims – including Dr. Johns' claim for post-petition services as CMO – and their treatment under the plan (the "Stipulation"); on September 18, 2015, GH, FHA, and Dr. Johns jointly moved for approval of the Stipulation under Rule 9019 ("9019 Motion"). With respect to Dr. Johns' claim for post-petition services as GH's CMO, paragraph 57 of the Stipulation provided:

> GH and Johns agree that Johns shall file an administrative application by the Administrative Claims Bar Date to support the Johns Administrative Claim and GH shall pay the Johns Administrative Claim in full upon allowance or upon terms agreed to by GH and Johns. Allowance of the Johns Administrative Claim shall be subject to a full accounting of time sheets and full compliance with all healthcare and regulatory laws including the Stark Law.

The Official Committee of Unsecured Creditors of GH ("GHUCC") filed an objection to the 9019 Motion. GHUCC argued that the settlement should be subject to a heightened level of scrutiny because Dr. Johns was an insider of both GH and FHA. Among GHUCC's objections was the following:

> 5. The Committee anticipates bringing several avoidance actions against Johns and anticipates that Johns will not have any amount of allowed claims after the avoidance actions have been litigated. The Committee has evidence that Johns owes far more to the Gilbert estate than Johns claims the estate owes him. The Committee therefore does not believe that any of Johns' claims should be or will be allowed. However, as a fallback, the Committee requests that should Johns be determined to have any priority claims against Gilbert that are allowed claims, Johns be paid by the Reorganized Debtor and not from any funds which are to be distributed to the GH USC Trust.

-3-

GHUCC's objections were resolved by stipulation, with GHUCC agreeing that paragraph 57 of the Stipulation would remain unchanged. In contrast, the parties agreed to add language reserving the GH USC Trust's right to dispute Dr. Johns' pre-petition wage claims. At the hearing on the 9019 Motion, Judge Whinery approved the Stipulation as modified by the parties. The order approving the Stipulation, which was entered November 18, 2015, included the following language:

> IT IS FURTHER ORDERED confirming that Johns shall file an administrative application by the Administrative Claims Bar Date to support the Johns Administrative Claim in the GH Bankruptcy. Johns and GH reserve all rights related to the Allowance and payment of the Johns Administrative Claim.

In the meantime, Debtors' Second Amended Joint Plan of Reorganization (the "Plan") was confirmed by order entered October 26, 2015. GHUCC appealed the confirmation order. That appeal was settled, and a stipulated order amending the confirmation order was entered February 29, 2016. Because of the appeal, the effective date of the Plan was delayed by approximately four months to February 19, 2016.

Among other things, the Plan provided that a holding company would be formed to own GH and to acquire ownership of FHA. The Plan also provided for the formation of the GH USC Trust, through which GH's unsecured creditors with allowed claims would be paid in full from funds provided by the reorganized debtor. Administrative claims, secured bank debt, and other priority claims were to be paid directly by the reorganized debtor.

On May 20, 2016, Dr. Johns filed an application for allowance of an administrative claim for $319,775 for his post-

petition services as CMO of GH (the "Application"). The Application indicated that GH had completed its accounting and compliance review of the records supporting Dr. Johns' claim as required under the Stipulation and that the parties had agreed the claim would be paid over six months. Gottlieb, as Trustee of the GH USC Trust, filed an objection to the Application, arguing that the application was untimely, excessive in amount, provided no proof of entitlement to the claim, and could not be paid under § 502(d). Gottlieb also filed a supplemental objection asserting that the Stipulation had not allowed Johns an administrative claim but had provided only that Johns could file an application for allowance of such a claim. Gottlieb argued that even though the administrative claim would be paid by the reorganized debtor, the GH USC Trust and its constituents could potentially be harmed by payment of the claim because the payment would reduce the amount available for the reorganized debtor to distribute to the GH USC Trust for payment of unsecured claims. Gottlieb also argued that the claim should not be paid pursuant to § 502(d) until any avoidance actions against Dr. Johns were resolved.

At the August 11, 2016 hearing on the Application, counsel for Dr. Johns indicated to the court that the reorganized debtor's audit of Dr. Johns' time records had resulted in an approximate $60,000 reduction in the amount requested. Counsel for GH and FHA both indicated that they supported approval of the application.

The bankruptcy court overruled Gottlieb's objections, finding that Dr. Johns' claim was based upon a two-party agreement between GH and Dr. Johns to perform post-petition

-5-

services for a specified compensation over a specific time period. The court noted that the amount of the claim exceeded an agreed-upon cap of $300,000 but that the additional compensation was due to the delay in the effective date caused by the GH UCC's appeal of the confirmation order.

The court also relied on the language of paragraph 57 of the Stipulation, noting that although the language was not as clear as it could have been, the Stipulation required GH to pay the claim in full upon allowance or upon terms agreed to by GH and Johns. Importantly, the bankruptcy court found that Dr. Johns provided beneficial services to the estate and that he should be compensated for the time he spent providing services to GH.

With respect to the § 502(d) objection, the court stated that the objection did not need to be resolved with respect to the Application "at this time." The court also denied counsel's request to have the reorganized debtor hold the funds in reserve pending resolution of the adversary proceeding: "we should pay the man. He performed services and is entitled to that compensation so Dr. Johns should be paid[.]"[3]

_____

[3]In her subsequent ruling on Gottlieb's motion for stay pending appeal, Judge Wanslee clarified that she had overruled the § 502(d) objection because it had been disposed of in connection with the 9019 Motion:

> [T]he Trust's arguments appear to forget that this is the same argument that it raised in front of Judge Whinery when it opposed the 9019 settlement, and that the Unsecured Creditors Committee asked in the alternative that the Debtor make the CMO payments to Johns, and that it not come out of payments that were to be made to the hospital.

(continued...)

-6-

The bankruptcy court approved the Application by order entered August 16, 2016. Gottlieb timely appealed and moved for a stay pending appeal, which was denied by both the bankruptcy court and a BAP motions panel.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

A. Did Gottlieb have standing to object to Dr. Johns' administrative claim?

B. Did the bankruptcy court abuse its discretion in overruling Gottlieb's objection and allowing Dr. Johns' administrative claim for compensation for post-petition services as CMO?

**STANDARD OF REVIEW**

Standing is a legal issue that we review de novo. Aheong v. Mellon Mortg. Co. (In re Aheong), 276 B.R. 233, 238 (9th Cir. BAP 2002).

We review for abuse of discretion the bankruptcy court's

---

[3](...continued)
. . . .

The Trust failed to appeal the 9019 settlement which finally resolved some of the claims of Johns against the Debtor. And in the case of the CMO pay it set forth a standard for filing an administrative claim and a requirement that the Debtor audit the time sheets, and that the claim be subject to compliance review, all of which has now happened[.]

Hr'g Tr. (September 7, 2016) at 47:20-49:23.

order allowing or disallowing an administrative claim. <u>Gonzalez v. Gottlieb (In re Metro Fulfillment, Inc.)</u>, 294 B.R. 306, 309 (9th Cir. BAP 2003). A bankruptcy court abused its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. <u>TrafficSchool.com, Inc. v. Edriver Inc.</u>, 653 F.3d 820, 832 (9th Cir. 2011).

**DISCUSSION**

**A. Standing**

As a threshold matter, Dr. Johns contends that Gottlieb lacked standing to object to the administrative claim because the reorganized debtor – not the GH USC Trust – was the party liable to pay the claim. Although Dr. Johns did not file a cross-appeal, we have an independent duty to examine jurisdictional issues such as standing. <u>In re Aheong</u>, 276 B.R. at 238.

At the hearing on the Application, the bankruptcy court questioned Gottlieb's standing to object but seemed satisfied with counsel's answer that funds used by the reorganized debtor to pay Dr. Johns' claim could diminish the amount available to distribute into the GH USC Trust as required under the Plan and thus implicitly found that Gottlieb had standing.

A party's standing in a bankruptcy case is governed by the "person aggrieved" standard, which limits standing to parties who can demonstrate that they are "directly and adversely affected pecuniarily by an order of the bankruptcy court." <u>Robinson v. Fondiller (In re Fondiller)</u>, 707 F.2d 441, 442-43 (9th Cir. 1983). A party asserting standing must demonstrate that the bankruptcy court's order either diminishes its property,

-8-

increases its burdens, or detrimentally affects its rights. Id. at 442. According to Dr. Johns, the plan is on track and is almost fully funded, so there is little chance that the amount to be distributed to the GH USC Trust will be diminished by payment of the claim. However, we are reluctant to conclude on this record – which is not fully developed with respect to standing – that the GH USC Trust has **no** pecuniary interest in the outcome of this appeal. See Lopez v. Specialty Restaurants Corp. (In re Lopez), 283 B.R. 22, 26 n.7 (concluding that a chapter 7 debtor had standing to appeal denial of a motion to reopen where she had alleged a reasonable possibility of a surplus estate).

**B. The bankruptcy court did not abuse its discretion in overruling Gottlieb's objection to allowance of Dr. Johns' post-petition wage claim.**

Under § 503, the bankruptcy court shall allow as an administrative claim "the actual, necessary costs and expenses of preserving the estate including . . . wages, salaries, and commissions for services rendered after the commencement of the case[.]" § 503(b)(1)(A)(i). To establish an administrative expense claim, the claimant must show that the debt: (a) arose from a transaction with the debtor in possession as opposed to the preceding entity; and (b) directly and substantially benefitted the estate. In re Metro Fulfillment, Inc., 294 B.R. at 309 (citing Microsoft Corp. v. DAK Indus., Inc. (In re DAK Indus., Inc.), 66 F.3d 1091, 1094 (9th Cir. 1995)).

Gottlieb does not contend that the bankruptcy court erred in finding that this standard was met. Rather, the sole issue presented in this appeal is whether the bankruptcy court erred in

-9-

approving the Application over Gottlieb's § 502(d) objection.

Section 502(d) provides:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

Gottlieb argues that because Dr. Johns is potentially liable for turnover of avoidable transfers, his administrative claim for post-petition wages should have been disallowed. Gottlieb contends that the bankruptcy court denied him due process in not considering the § 502(d) objection before allowing the claim.[4]

However, the bankruptcy court overruled Gottlieb's § 502(d) objection because the issue had been settled in connection with the 9019 Motion. Gottlieb's arguments on appeal misconstrue what occurred in connection with that motion.

Gottlieb argues that there was no duty to raise the § 502(d)

---

[4] The parties dispute whether § 502(d) applies at all to administrative claims. Gottlieb argues that it does, relying on MicroAge, Inc. v. Viewsonic Corp. (In re MicroAge, Inc.), 291 B.R. 503, 508 (9th Cir. BAP 2002) (analyzing cases and concluding that "the better analysis is that § 502(d) may be raised in response to the allowance of an administrative claim."). Dr. Johns argues that this statement in MicroAge was dicta and urges this Panel to follow cases holding to the contrary. See, e.g., ASM Capital, LP v. Ames Dep't Stores, Inc. (In re Ames Dep't Stores, Inc.), 582 F.3d 422, 432 (2d Cir. 2009) ("[W]e hold that section 502(d) does not apply to administrative expenses under section 503(b)").

Because we are disposing of the appeal on other grounds, we need not address this issue.

issue in response to the 9019 Motion because the Stipulation did not finally allow the Johns administrative claim. Gottlieb points to paragraph 57 of the Stipulation, which provides that Johns is to file an application for an administrative claim and that GH shall pay the claim upon allowance or upon terms agreed to by the parties. Gottlieb further argues that the GHUCC did not have any avoidance powers at that time and thus could not have raised a § 502(d) objection.

These arguments ignore that GHUCC did in fact raise a § 502(d) objection in connection with the 9019 Motion, and that objection was resolved by an agreement which preserved GH USC Trust's right to object to certain claims.[5] Dr. Johns' post-petition wage claim was not among those claims. Moreover, the Stipulation provided – as requested by the GHUCC – that the post-petition wage claim was to be paid by the reorganized debtor and not the GH USC Trust. In light of this agreement, there was no denial of due process.

Additionally, the bankruptcy court's interpretation of the Stipulation is plausible and supported by the record. Gottlieb is correct that the Stipulation did not deem the administrative claim allowed. However, in the context of the settlement as a whole and the resolution of the GHUCC's objections to the 9019 Motion, it is not unreasonable to interpret the Stipulation as requiring only that the reorganized debtor be permitted to inspect Dr. Johns' time records and verify compliance with legal

---

[5]Gottlieb does not dispute that the GH USC Trust is the successor-in-interest to the GHUCC for purposes of being bound by the order approving the 9019 Motion.

requirements before the post-petition wage claim would be allowed and paid. In contrast, the final agreement with GHUCC explicitly reserved GH USC Trust's right to dispute pre-petition wage claims.

Gottlieb also assigns error to the bankruptcy court's refusal to require that funds be escrowed pending the outcome of the avoidance action. However, given our conclusion that the bankruptcy court did not err in overruling the § 502(d) objection on grounds that it had been resolved in connection with the 9019 Motion, we find no error in this aspect of the bankruptcy court's ruling.

## CONCLUSION

On the record before us, we conclude that Gottlieb had standing to object to Dr. Johns' administrative claim. Nevertheless, Gottlieb has not demonstrated that the bankruptcy court abused its discretion in overruling his objection to allowance of Dr. Johns' post-petition wage claim. Accordingly, we AFFIRM.