# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 17-60742
Summary Calendar

December 20, 2018

Lyle W. Cayce
Clerk

In the Matter of: MARITIME COMMUNICATIONS/LAND MOBILE L.L.C.,

Debtor

WARREN HAVENS,

Appellant

v.

MARITIME COMMUNICATIONS/LAND MOBILE L.L.C.; CHOCTAW
TELECOMMUNICATIONS, L.L.C.,

Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:13-CV-180

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Warren Havens, proceeding *pro se*, appeals two orders dismissing his

bankruptcy appeals and denying rehearing. Because he has not alleged facts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-60742

sufficient to demonstrate standing, or shown that the district court erred in denying rehearing, we AFFIRM the orders of the district court.

I

Havens's participation in the bankruptcy case below was based on his claims against the debtor, Maritime Communications/Land Mobile L.L.C. (Maritime), in a separate case in the District of New Jersey. Havens did not prevail on any claim in the New Jersey case.[1]

Besides referring to the New Jersey case, Havens's bankruptcy proof of claim also says that it may be based on his interest in "any legal and/or administrative proceedings." Havens participated in proceedings before the Federal Communications Commission (FCC) about the validity and transfers of licenses held by Maritime. The FCC denied relief to Havens and also "bar[red] Mr. Havens and the Havens companies from future participation in this proceeding as a consequence of their contemptuous and disruptive conduct." Maritime Commc'ns/Land Mobile, LLC, 2015 WL 1890837, at *1 (Apr. 22, 2015) (barring participation); see Warren C. Havens, 32 F.C.C.R. 218, 218 (2017) (denying substantive relief).

When the bankruptcy court confirmed Maritime's plan of reorganization, Havens appealed several bankruptcy orders to the district court. The district court consolidated Havens's appeals into this case. It then granted a motion to dismiss the appeals because Havens lacked standing. The district court also denied Havens's motion for rehearing.

---

[1] The district court dismissed or otherwise granted judgment against Havens's claims in two opinions. *Havens v. Mobex Network Servs., LLC*, No. CIV. A. 11-993 KSH, 2011 WL 6826104 (D.N.J. Dec. 22, 2011); *Havens v. Mar. Commc'ns/Land Mobile, LLC*, No. CIV. A. 11-993 KSH, 2014 WL 4352300 (D.N.J. Sept. 2, 2014). The Third Circuit affirmed both decisions. *Havens v. Mobex Network Servs., LLC*, 820 F.3d 80 (3d Cir.), *cert. denied*, —— U.S. ——, 137 S. Ct. 496 (2016).

No. 17-60742

II

Standing to appeal an order of the bankruptcy court "is an even more exacting standard than traditional constitutional standing." *In re Coho Energy Inc.*, 395 F.3d 198, 202 (5th Cir. 2004). "[T]he 'person aggrieved' test demands a higher causal nexus between act and injury; appellant must show that he was 'directly and adversely affected pecuniarily by the order of the bankruptcy court' in order to have standing to appeal." *Id.* at 202–03 (quoting *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983)).

Bankruptcy Rule 8022 does not provide a standard of decision for a motion for rehearing, but such a motion may be granted to correct a "mistaken use of facts or law" in the prior decision. *In re Coleman*, Civil Action No. 15-569, 2015 WL 7101129, *1 (E.D. La. Nov. 13, 2015) (citing *In re Hessco Indus., Inc.*, 295 B.R. 372, 375 (9th Cir. 2003)).

III

Havens addresses a variety of peripheral issues in his brief but does not identify facts sufficient to demonstrate his standing. He says that the district court improperly held that he lacked standing to participate in FCC administrative proceedings. This mischaracterizes the decision. The district court did not purport to resolve Havens's standing before the agency. Rather, it analyzed his standing to appeal the bankruptcy orders. After his claims failed in the New Jersey case, he had no asserted interest in the bankruptcy. And even generously construing Havens's arguments as a challenge to the treatment of his interests in FCC proceedings, he misses the mark. The district court correctly noted that the FCC had denied relief to Havens, leaving him with no interest in the licenses either.

Because he had no remaining claim against Maritime, Havens was not "directly and adversely affected pecuniarily by the order of the bankruptcy

3

court," as required for standing to appeal. *Coho Energy*, 395 F.3d at 203 (quoting *Fondiller*, 707 F.2d at 443). And the district court did not err in denying Havens's motion for rehearing. The motion essentially reiterated his original arguments and did not identify mistaken use of facts or law in the prior order.

The court has considered Havens's other arguments and found them to be without merit. The orders of the district court are AFFIRMED.