NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of: | No. 18-55731 |
| KEITH GRADY SPEIR; RHONDA LYNN SPEIR, | D.C. No. 2:17-cv-06871-DOC |
| ------------------------------ | |
| KEITH GRADY SPEIR; RHONDA LYNN SPEIR, | MEMORANDUM* |
| Appellants, | |
| v. | |
| 2425 WEST FIFTH STREET, CRE LLC, | |
| Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted September 10, 2019
Pasadena, California

Before: WARDLAW, BENNETT, and MILLER, Circuit Judges.

Keith and Rhonda Speir appeal from the district court's judgment affirming

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the bankruptcy court's dismissal of the Speirs' adversary complaint against 2425 West Fifth Street, CRE, LLC (2425 LLC). We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291, and we affirm.

The bankruptcy court held that the Speirs did not have standing to bring an adversary claim because the Speirs did not have a pecuniary interest in the outcome. *See Fondiller v. Robertson* (*In re Fondiller*), 707 F.2d 441, 442–43 (9th Cir. 1983). The bankruptcy court nevertheless reached the merits of the Speirs' challenge and held that because 2425 LLC's secured claim arose from a judgment against the Speirs in California state court before the Speirs' bankruptcy petition, it accrued interest under the California postjudgment rate of 10%, not the lower rate advocated by the Speirs. *See* Cal. Civ. Proc. Code § 685.010(a).

Unlike Article III standing, bankruptcy standing is not an element of subject-matter jurisdiction. We therefore may assume without deciding that the Speirs have standing. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94–96 (1998).

On the merits, we agree with the bankruptcy court's alternative holding that the correct interest rate on 2425 LLC's claim is the 10% rate specified by California law. 11 U.S.C. § 506(b) allows 2425 LLC to collect "interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose." The Speirs do not contest that 2425 LLC's claim is oversecured and thus subject to section 506, but instead argue that

2

"interest" in section 506(b) must be defined by reference to 28 U.S.C. § 1961(a). Section 1961(a)'s general definition of a rate of interest cannot override section 506(b)'s specific grant of interest "provided for under the agreement or State statute under which" 2425 LLC's secured claim arises. *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 646–47 (2012). The Speirs rely on *Onink v. Cardelucci* (*In re Cardelucci*), 285 F.3d 1231 (9th Cir. 2002), but that decision addressed the rate of interest applicable to an unsecured claim under 11 U.S.C. § 726(a), rather than the rate of interest applicable to a secured claim under section 506(b).

    **AFFIRMED**.