

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>KATHARINA NANNY BLANCATO,<br>　　　　　　　Debtor. | BAP No.  NV-22-1004-BTL<br><br>Bk. No.  3:09-52203-GWZ |
| KATHARINA NANNY BAHNSEN, AKA<br>Katharina Nanny Blancato,<br>　　　　　　　Appellant,<br>v.<br>W. DONALD GIESEKE, Chapter 7<br>Trustee,<br>　　　　　　　Appellee. | **MEMORANDUM**\* |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Gregg W. Zive, Bankruptcy Judge, Presiding

Before: BRAND, TAYLOR, and LAFFERTY, Bankruptcy Judges.

Katharina Nanny Bahnsen (aka Katharina Nanny Blancato) appeals the

bankruptcy court's order approving the chapter 7[1] trustee's payment of final

compensation and reimbursement of expenses.

After filing for divorce in 2008, Blancato filed a chapter 7 bankruptcy

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

case on July 8, 2009. W. Donald Gieseke ("Trustee") was appointed as trustee. The United States Trustee ("UST") sought to deny Blancato's discharge. In August 2012, the bankruptcy court approved a stipulation which provided that: (1) the UST's § 727 proceeding would be dismissed; (2) Trustee would administer and distribute to creditors the proceeds of any nonexempt assets; and (3) Blancato's case would be closed, without entry of discharge, upon the court's approval of Trustee's final report. The main case remained open while Trustee pursued litigation against various parties and collected money for the estate.

In 2016, Trustee filed an adversary proceeding against Blancato, seeking recovery of marital real property, which Trustee maintained was property of the bankruptcy estate. He ultimately recovered the properties and sold them. Blancato did not appeal the sale orders.

Thereafter, Blancato claimed that she was owed child support from the property sale proceeds. The bankruptcy court determined that the issue of how much child support was due to Blancato, if any, was for the state court to decide. The state court ruled that no child support was due to her on the petition date.

Undeterred, Blancato continued to contest child support and other issues. The thrust of her grievance was: (1) the 2012 stipulation with the UST required that Trustee be removed from her case and replaced by the (former) UST and that a final report be immediately filed and her bankruptcy case closed; and (2) Trustee and estate professionals had failed to pay her for past

due child support. Blancato maintained that, in addition to stealing her child support, Trustee was not the appointed chapter 7 trustee per the UST stipulation and that he lacked any authority to act on behalf of the estate after August 31, 2012.

The extent of Blancato's activity prompted Trustee to move for declaratory relief in the main case, which the bankruptcy court granted. As part of that relief, the court found: (1) Trustee was the duly appointed and currently acting trustee and had authority to act on behalf of the estate; (2) the 2012 stipulation did not require that the bankruptcy case be closed in 30 or 60 days as Blancato contended, but rather authorized full administration of the estate for however long that took; (3) Blancato was not owed any child support on the petition date, she held no child support exemption, and no property of the estate was exempt as unpaid child support; (4) Trustee and estate professionals neither possessed nor withheld any child support of Blancato's; and (5) Trustee and estate professionals had acted consistent with their duties in administering the estate.

The bankruptcy court also deemed Blancato a vexatious litigant and imposed a pre-filing restriction on any proposed motions or other papers that could impact Trustee's administration of the estate. Exceptions to the pre-filing order included appeals of the declaratory relief order and a summary judgment order entered in Trustee's adversary proceeding. Blancato did not appeal either of those orders.

On October 28, 2021, Trustee filed his final report and request for

3

compensation of $26,815.00 and reimbursement of expenses of $584.54. Blancato did not file an objection, nor did she object at the hearing, although she was present. The bankruptcy court entered an order approving payment of Trustee's statutory fees and expenses in the amounts requested, and Blancato timely appealed.

Generally, when chapter 7 trustee fees are requested at the statutory rate, the court should approve the fees without any significant additional review. *Hopkins v. Asset Acceptance LLC (In re Salgado-Nava),* 473 B.R. 911, 921 (9th Cir. BAP 2012). Blancato's standing to appeal is uncertain given Trustee's representation that this is not a surplus estate. *See Fondiller v. Robertson (In re Fondiller),* 707 F.2d 441, 442 (9th Cir. 1983) (insolvent debtor lacks standing to appeal orders affecting size of the estate). This appeal may also violate the bankruptcy court's pre-filing order, which Blancato did not appeal.

But, even if Blancato has standing and filing this appeal did not violate the pre-filing order, her appeal is meritless because she failed to raise any objection to Trustee's fees and expenses before the bankruptcy court. Thus, all her arguments on appeal are waived. *Mano-Y & M, Ltd. v. Field (In re Mortg. Store, Inc.),* 773 F.3d 990, 998 (9th Cir. 2014). Finally, the only relevant substantive argument she raises is based on the frivolous and repeatedly rejected assertion that Trustee was not the chapter 7 trustee in her case. This argument fails again. During all times pertinent, Trustee was the chapter 7 trustee for Blancato's case and had the authority to act on behalf of the estate.

Blancato's remaining arguments are collateral attacks on final orders

and rulings she did not appeal – namely, that her case should have been closed years ago, that nothing other than a final report should have been filed in her case after August 31, 2012, and that she is entitled to thousands of dollars in stolen child support.

Seeing no abuse of discretion by the bankruptcy court in approving the payment of Trustee's statutory fees and expenses, we AFFIRM.