
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: BLX GROUP, INC., <br><br> Debtor, <br><br><br> TIMOTHY L. BLIXSETH, <br><br> Appellant, <br><br> v. <br><br> CARL A. EKLUND, Esquire, Chapter 11 Trustee of BLX Group, Inc., <br><br> Appellee. | No. 13-35122 <br><br> D.C. No. 2:12-cv-00042-SEH <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted August 5, 2014
Pasadena, California

Before: KOZINSKI, Chief Judge, and PAEZ and BERZON, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant Timothy L. Blixseth appeals the district court's order dismissing his appeal of the bankruptcy court's order confirming the Modified Third Amended Plan of Liquidation ("the Plan") for the BLX Group, Inc. Bankruptcy Estate ("the Estate"). We affirm the dismissal of the appeal.

(1)     An appellant must notice an appeal of a final bankruptcy court order within fourteen days of the order's entry. Fed. R. Bankr. P. 8002(a). A bankruptcy court order is final where it "(1) 'finally determines the discrete issue to which it is addressed,' and (2) 'resolves and seriously affects substantive rights.'" *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)*, 177 F.3d 774, 780 (9th Cir. 1999) (quoting *Elliott v. Four Seasons Props. (In re Frontier Props., Inc.)*, 979 F.2d 1358, 1363 (9th Cir. 1992)). Applying this two-prong test, *P.R.T.C.* held that an order assigning a debtor's legal claims against a third party to its largest creditor was "final." *See id.* at 776–77, 780.

The August 30, 2011 Assignment Order transferring the Estate's legal claims against Blixseth to the Yellowstone Club Liquidating Trust ("YCLT") was likewise "final." *See id.* at 780. That order expressly declared the assignment "in full force and effect notwithstanding confirmation of any plan of reorganization or liquidation, or any dismissal or conversion of this proceeding to a proceeding under Chapter 7 of the Bankruptcy Code." Under the first *P.R.T.C.* prong, that

2

language "finally assigned the assets," i.e. the claims, to YCLT, because, even though the bankruptcy court retained jurisdiction over the Estate's assets, it "lack[ed] discretion . . . to alter the scope of the assignment." *See id.*

Additionally, under the second *P.R.T.C.* prong, the Assignment Order "seriously affected the rights of all creditors . . . to receive payment for their claims." *See id.* The claims were a significant Estate asset. If YCLT is not able to recover on these claims, the Estate's creditors may never receive meaningful distributions. *See id.*

Blixseth did not appeal the August 30, 2011 Assignment Order; he appealed only the March 12, 2012 Confirmation Order. Because the August 30, 2011 Assignment Order was final under *P.R.T.C.* and no appeal of that order was noticed, Blixseth's assignments of error to that order are not reviewable here. *See In re P.R.T.C.*, 177 F.3d at 780.

(2)     The district court properly concluded that Blixseth does not have appellate standing with regard to the order he did appeal, the Confirmation Order, because he was not a "person aggrieved" by that order. *See Motor Vehicle Casualty Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 884 (9th Cir. 2012). The March 12, 2012 Confirmation Order did not assign the claims to YCLT; it only approved the Plan, which incorporated the final

Assignment Order by reference. Blixseth repeatedly disclaimed being a creditor of the Estate. He is thus at most a defendant in an adversary proceeding, and lacks appellate standing to challenge the Plan in that capacity. *See Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 443 (9th Cir. 1983).

Moreover, contrary to what Blixseth asserted at oral argument before this Court, in the adversary proceeding, Blixseth could and did defend against YCLT's claims on the grounds that BLX had not validly assigned them to YCLT, and obtained a ruling on the merits of that argument, albeit an adverse one.

(3) Finally, Blixseth lacks appellate standing with regard to the exculpation clause in the Plan. Unlike in *Blixseth v. Yellowstone Mountain Club, LLC, et al.*, No. 13-35190, the clause in the BLX Plan is narrow both in its temporal scope and the persons it covers. Blixseth has not shown that he is "directly and adversely affected" by it in any way, as he has not pointed to any action he has or might affirmatively bring that would be barred by the clause. *See Thorpe*, 677 F.3d at 884. Any contractual claims for attorney's fees Blixseth might bring would plainly be outside the scope of the exculpation clause. The district court therefore properly held Blixseth lacked appellate standing with regard to the exculpation clause in the Plan.

**AFFIRMED.**