

# FILED

JUL 12 2017

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   AZ-16-1221-BJuL |
| PRM FAMILY HOLDING COMPANY, LLC, | Bk. No.   13-09026-BKM |
| Debtor. | |
| EL CHILERITO SPICE CO., INC., | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| DALE C. SCHIAN, Creditor Trustee of the PRM Family Holding Company, LLC Trust; PRM FAMILY HOLDING COMPANY, LLC; UNITED STATES TRUSTEE, | |
| Appellees. | |

Argued and Submitted on May 18, 2017,
at Phoenix, Arizona

Filed - July 12, 2017

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Brenda K. Martin, Bankruptcy Judge, Presiding

Appearances:     Helen K. Santilli argued for appellant El Chilerito Spice Co., Inc.; Elizabeth L. Janczak of Freeborn & Peters LLP argued for appellee Dale C. Schian, Creditor Trustee of the PRM Family Holding Company, LLC Trust.

Before:   BRAND, JURY and LAFFERTY, Bankruptcy Judges.

---

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Creditor El Chilerito Spice Co., Inc. ("El Chilerito") appeals an order correcting the order confirming the joint plan of liquidation of jointly administered chapter 11[2] debtors PRM Family Holding Company, LLC ("PRM Family") and its seven affiliates.[3] We DISMISS because El Chilerito lacks standing to bring this appeal.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A. Events leading to the corrective order**

**1. Bankruptcy filings, joint plan and confirmation order**

On March 28, 2013, PRM Family and its seven affiliates filed eight chapter 11 bankruptcy cases in Arizona. The cases were jointly administered under the first filed case, PRM Family (collectively, "Debtors"); an official joint committee of unsecured creditors ("Committee") was appointed.

Debtors and the Committee (together "Plan Proponents") filed their Joint Plan of Liquidation Dated December 30, 2014 ("Joint Plan"). Section 7.1 of the Joint Plan — Substantive Consolidation of Estates — provided that the forthcoming confirmation order would "contain one or more provisions substantively consolidating the Estates (defined as the estates of all eight Debtors) into the Estate of PRM Family[.]" See Section 7.1.1. That section further provided, among other things, that all debts of the Debtors would be substantively consolidated upon the Effective Date.

---

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[3] The other debtors are Prodigio Mercado, LLC; Pro's ABQ Ranch Markets, LLC; Pro's ELP Ranch Markets, LLC; Pro's ELP Ranch Markets Beverage Company, LLC; Pro's & Son's, LLC; Provenzano's, LLC; and Pro's Ranch Markets (CA), LLC.

-2-

Section 7.2 of the Joint Plan — Vesting of Assets — provided, in relevant part: "On the Effective Date, assets of the Estates (including . . . all Causes of Action) will be transferred to and vest in the Creditor Trust (defined as the trust established for the benefit of certain creditors) and be deemed contributed thereto, subject to the terms of the Plan." Thus, according to this section, the avoidance actions that were later filed against El Chilerito and others would transfer to the Creditor Trust on the Effective Date.

Sections 5.1.1, 5.2.1, 5.3.1 and 5.7 of the Joint Plan (regarding treatment of certain claims) each contained language stating: "In accordance with the Creditor Trust Agreement, the Creditor Trust Assets (defined as the assets of all eight Debtors) will be transferred to the Creditor Trust no later than seven (7) days after entry of the Confirmation Order." These sections indicated that the avoidance actions would be transferred to the Creditor Trust within 7 days of the confirmation date, not on the Effective Date as stated in Section 7.2 of the Joint Plan.

Section 7.10 of the Joint Plan — Case Administration — provided that attorney Dale Schian, former counsel for the Committee, was to be appointed as Creditor Trustee and that on the "Effective Date" would possess the rights of the Debtors for all matters, including standing to file the avoidance actions.

Finally, Section 10.3 of the Joint Plan — Retention of Jurisdiction — provided that the bankruptcy court retained jurisdiction to "correct[] . . . any defect and the curing of any omission or inconsistency in the Plan or Confirmation Order as may be necessary to carry out the purposes and intent of the Plan."

El Chilerito, a Class 1 creditor, voted in favor of the Joint Plan.

The bankruptcy court entered the Confirmation Order for the Joint Plan on April 13, 2015. Notably, the Confirmation Order did not include a provision for substantive consolidation of the jointly administered estates. However, it did provide that upon confirmation "all of the assets of the Debtors" would "immediately be transferred to the Creditor Trust." Thus, contrary to the Joint Plan, the Confirmation Order provided that the Debtors' assets would transfer immediately to the Creditor Trust, not within 7 days after confirmation or on the Effective Date.[4]

The Confirmation Order also approved the Creditor Trust Agreement, which was attached to the Confirmation Order as its Exhibit A. Contrary to the Confirmation Order but consistent with portions of the Joint Plan, the Creditor Trust Agreement provided that: "Within seven (7) days of the Effective Date, the Debtors shall transfer the Creditor Trust Assets to the [Creditor] [T]rust . . . ." However, the Creditor Trust Agreement also stated that, if any of its terms or provisions conflicted with the terms and/or provisions of the Joint Plan or Confirmation Order, the Joint Plan and Confirmation Order governed. Unfortunately, those two documents had inconsistencies within them and between them.

About six weeks postconfirmation, Creditor Trustee and all eight Debtors entered into an Assignment Agreement which transferred, assigned, conveyed and delivered to the Creditor Trust all of Debtors' rights, title and interests in the Creditor

---

[4] The Effective Date did not occur until March 18, 2016, nearly one year after confirmation.

-4-

Trust Assets. The Assignment Agreement provided that, in the event of any conflict or inconsistency between its terms and the Joint Plan and Confirmation Order, the Joint Plan and Confirmation Order prevailed. The Assignment Agreement was not filed with the court until March 22, 2016, after the dispositive motion, discussed below, had been filed.

**2. The adversary proceedings and dispositive motion**

On May 27, 2015, just two days before the statute of limitations was to run, Creditor Trustee on behalf of the Creditor Trust filed adversary complaints against El Chilerito and others, seeking to avoid and recover preferential transfers under § 547 and § 550. The caption of the complaint against El Chilerito named the Debtors as "PRM Family Holding Company LLC, et al." Creditor Trustee was named as the plaintiff. The complaint stated that it applied to "All Debtors."

El Chilerito moved for summary judgment on Creditor Trustee's avoidance action, alleging that the bankruptcy court lacked subject matter jurisdiction because the complaint failed to name the proper debtor. El Chilerito claimed it had not engaged in any business with PRM Family; rather, it had done business only with affiliate Pro's Ranch Markets, LLC, which was not the named debtor. Further, naming Creditor Trustee as plaintiff for just PRM Family failed to invoke the court's jurisdiction because PRM Family had no preference claims against El Chilerito. In short, El Chilerito argued that, because the Debtors' estates had not been substantively consolidated, PRM Family could not bring preference claims belonging to other Debtors which may hold such claims.

-5-

In opposition, Creditor Trustee contended the Joint Plan clearly contemplated substantive consolidation of the Debtors' estates, but through a simple oversight, the Confirmation Order did not contain a substantive consolidation provision; Creditor Trustee was filing a motion to correct retroactively that omission. Creditor Trustee argued that, with retroactive substantive consolidation of the Debtors' estates into the PRM Family estate, PRM Family was the proper case in which to file the adversary complaints.

The bankruptcy court denied El Chilerito's motion for summary judgment. Recognizing the conflicts between and among the Joint Plan, the Confirmation Order, the Creditor Trust Agreement and the Assignment Agreement as to the timing of the asset transfer to the Creditor Trust, the court determined that the Confirmation Order, which was a final order and enforceable, controlled. The court found that because Debtors' assets, including the avoidance actions, were properly transferred to the Creditor Trust upon confirmation, Creditor Trustee had standing to bring the avoidance actions against El Chilerito (and the other defendants) when he filed his complaints on May 27, 2015.

The court also determined that the adversary complaints were properly captioned. In reviewing the Joint Plan and the Creditor Trust Agreement, which the court opined were "not models of clarity," it found that the Creditor Trust arose in the PRM Family case and that Creditor Trustee was charged with acting on behalf of the consolidated creditors. The jointly administered Debtors had assigned their causes of action, including the avoidance actions, to the Creditor Trust for Creditor Trustee to pursue.

-6-

The court noted that, although the Joint Plan and Creditor Trust Agreement granted Creditor Trustee authority over only debtor PRM Family, this was not an obstacle; the avoidance actions no longer belonged to any of the other Debtors.[5]

### 3. Motion to amend the Confirmation Order

While the dispositive motions were pending in the avoidance actions, Creditor Trustee moved to amend the Confirmation Order retroactive to April 13, 2015, to include a provision substantively consolidating Debtors' estates into the estate of PRM Family ("Motion to Amend"). As former counsel for the Committee, Creditor Trustee had assisted in drafting the Joint Plan and Confirmation Order. He asserted that the substantive consolidation provision was not intentionally omitted from the Confirmation Order; it was merely an oversight.

El Chilerito opposed the Motion to Amend, raising arguments that were later rejected by the court in the orders denying the

[5] In addition to El Chilerito's summary judgment motion, defendants GH Dairy and Shamrock had moved to dismiss the Creditor Trustee's avoidance actions against them. As part of the court's ruling on those dispositive motions, the court noted that, to the extent corrective action was needed to state that all debts were consolidated into the PRM Family estate, it could amend the Confirmation Order for that purpose. Accordingly, because the Confirmation Order was inconsistent with the Joint Plan, which appeared to the court to have been an oversight by both the court and Plan Proponents, the court further ordered that the Confirmation Order was corrected and amended to contain a provision substantively consolidating the debts of the jointly administered Debtors into the estate of PRM Family.

Following comment from defendant GH Dairy, the court agreed that, insofar as the orders denying the dispositive motions contained a determination that the Confirmation Order was amended to correct an omission, such correction should be reflected in a separate order entered in the administrative case. That is what led to the sua sponte corrective order entered on July 1, 2016, which is the subject of this appeal.

dispositive motions as noted above.[6]

On July 1, 2016, without a hearing, the bankruptcy court entered the Order Correcting Joint Plan of Liquidation Dated December 30, 2014 as Amended ("Corrective Order"). Despite the consolidation language in Section 7.1.1 of the Joint Plan, it was not clear to the court whether substantive consolidation of all debts and assets were intended, or merely debt consolidation. Ultimately, the court found that the consolidation of debts was anticipated and material to the Joint Plan and "was omitted in error by the Plan Proponents who prepared the Confirmation Order and the Court that signed it." Order (July 1, 2016) 2:9-10 (emphasis in original).

Therefore, based on its "inherent authority" to correct mistakes or omissions, citing Wiersma v. Bank of the West (In re Wiersma), 483 F.3d 933, 939 (9th Cir. 2007), the bankruptcy court sua sponte corrected the Confirmation Order to conform with Section 7.1.1 of the Joint Plan and amended that order to provide,

---

[6] Specifically, El Chilerito argued: (1) amending the Confirmation Order to substantively consolidate the estates would adversely affect the rights of the parties to the jointly administered cases; (2) the Joint Plan could not be amended by Creditor Trustee; (3) Creditor Trustee did not gain power over the avoidance actions until the Effective Date — March 18, 2016 — when the Debtors' assets were effectively transferred to the Creditor Trust, which was ten months **after** he filed the avoidance actions; (4) any consolidation contemplated by the Joint Plan in Section 7.1.1 was limited only to the Debtors' debts, not the assets, as reflected by Section 7.2, which vested the separate assets of each estate in the Creditor Trust by assignment without merging them; (5) Creditor Trustee provided no foundation which demonstrated his knowledge about what the Debtors, Committee and others did or did not intend respecting the Confirmation Order's omission of substantive consolidation; and (6) the purpose of the Motion to Amend was to allow Creditor Trustee to avoid his negligent errors in his "willy nilly" filing of preference actions in the wrong cases and his failure to read the Confirmation Order.

-8-

upon the Effective Date, that the "debts" of the jointly administered Debtors' estates were substantively consolidated into the estate of PRM Family. This timely appeal followed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) & (L). Our jurisdiction is discussed below.

## III. ISSUES

1. Does El Chilerito have standing to appeal the Corrective Order?

2. If so, did the bankruptcy court err when it entered the Corrective Order?

## IV. STANDARDS OF REVIEW

Standing is an issue of law we review de novo. Palmdale Hills Prop., LLC v. Lehman Comm. Paper, Inc. (In re Palmdale Hills Prop., LLC), 654 F.3d 868, 873 (9th Cir. 2011) ("standing is a necessary component of subject matter jurisdiction.").

## V. DISCUSSION

**El Chilerito lacks standing to appeal the Corrective Order.**

Creditor Trustee contends that El Chilerito lacks standing to appeal the Corrective Order because it has not established that it suffered any harm as a result of the order's entry.[7] We agree.

"A federal court may exercise jurisdiction over a litigant only when that litigant meets constitutional and prudential

---

[7] El Chilerito's brief on appeal focuses primarily on its desire to dismiss Creditor Trustee's avoidance action. Whether Creditor Trustee had standing to file that action and whether the correct caption was used on the adversary complaint were issues determined in the bankruptcy court's order denying El Chilerito's motion for summary judgment. Accordingly, those issues are not properly before us.

-9-

standing requirements." Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 906 (9th Cir. BAP 2010) (citing Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004)). "Standing is a 'threshold question in every federal case, determining the power of the court to entertain the suit.'" Id. (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)).

Bankruptcy appellate standing, or prudential standing, is narrower than Article III standing. It requires an appellant to show that he or she has been "directly and adversely affected pecuniarily" by the bankruptcy court's decision. In re Palmdale Hills Prop., LLC, 654 F.3d at 874. The appellant must show that the order on appeal diminished its property, increased its burdens, or detrimentally affected its rights. Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983).

El Chilerito argues that the Corrective Order effectively altered vested rights and created disparate treatment of parties in interest. The only "vested rights" identified by El Chilerito are their alleged standing and jurisdictional defenses to the avoidance actions. The "disparate treatment" it alleges is that those defendants who have settled with Creditor Trustee will be treated differently from the 50-some defendants whose adversary actions are not yet resolved. El Chilerito does not articulate what that disparate treatment would be.

El Chilerito fails to recognize that the Corrective Order, which substantively consolidated only the Debtors' "debts" retroactive to the Effective Date of March 18, 2016, has no possible impact on their rights vis-a-vis the avoidance action. The debt consolidation had no effect on the Creditor Trustee's

standing[8] or the bankruptcy court's subject matter jurisdiction over the avoidance actions, which were clearly an "asset" of the Debtors and, ultimately, the Creditor Trust. We perceive no adverse change in El Chilerito's rights by the limited amendment to the Confirmation Order, and El Chilerito has identified no such impaired rights. Simply put, our resolution of the order on appeal will not give El Chilerito the relief it really seeks — dismissal of Creditor Trustee's avoidance action.

Because we are dismissing the appeal for El Chilerito's lack of standing, we do not reach the issue of whether the bankruptcy court erred by entering the Corrective Order.

## VI. CONCLUSION

We DISMISS El Chilerito's appeal for lack of standing.

---

[8] The bankruptcy court held in the orders denying the dispositive motions that Creditor Trustee's standing was derived from the Confirmation Order and the Assignment Agreement. The Corrective Order does nothing to change that result.

-11-