**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  WILLIAM ROBERT NORRIE,<br><br>Debtor,<br><br>_____<br><br>WILLIAM ROBERT NORRIE,<br><br>Appellant,<br><br>v.<br><br>KELLY MALLEN; JOHN PULOS,<br><br>Appellees. | No.    16-60074<br><br>BAP No. 15-1330<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Kurtz, and Faris, Bankruptcy Judges, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Chapter 7 debtor William Robert Norrie appeals pro se from the Bankruptcy

Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

granting two creditors' motion to enforce their settlement with the chapter 7 trustee. We have jurisdiction under 28 U.S.C. § 158(d). We review for clear error the factual finding of whether an appellant is a person aggrieved. *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)*, 177 F.3d 774, 777 (9th Cir. 1999). We affirm.

The bankruptcy court properly enforced the trustee's settlement agreement, and dismissed Norrie's motion to set aside a state court judgment, because the claims raised by Norrie belonged to the chapter 7 bankruptcy estate, and Norrie accordingly lacked standing to pursue them. *See* 11 U.S.C. § 323; *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 n.2 (9th Cir. 1994) (chapter 7 trustee is the representative of the debtor's estate, and therefore the only party with standing to administer estate assets like causes of action); *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442-43 (9th Cir. 1983) (debtor carries burden to "demonstrate that [he] was directly and adversely affected pecuniarily by the order of the bankruptcy court").

We reject as without merit Norrie's argument on appeal that he has standing to challenge the bankruptcy court's order approving the chapter 7 trustee's settlement agreement. *See Brady v. Andrew (In re Commercial W. Fin. Corp.)*, 761 F.2d 1329, 1334-35 (9th Cir. 1985) (holding that, provided the appellant was given proper notice of the bankruptcy court proceeding, "attendance and objection"

are "prerequisites to fulfilling the 'person aggrieved' standard").

The bankruptcy court did not abuse its discretion in awarding sanctions to the creditors because the record supports the bankruptcy court's finding that Norrie's motion to set aside the state court judgment was frivolous. *See Price v. Lehtinen (In re Lehtinen)*, 564 F.3d 1052, 1058 (9th Cir. 2009) (a bankruptcy court's imposition of sanctions is reviewed for an abuse of discretion).

The BAP did not abuse its discretion in awarding sanctions to the creditors because the record supports the BAP's finding that Norrie's appeal from the bankruptcy court order was frivolous. *See* Fed. R. Bankr. P. 8020.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

Appellees' request to dismiss this appeal based on the fugitive disentitlement doctrine, set forth in their answering brief, is denied. *See Mastro v. Rigby*, 764 F.3d 1090, 1096-97 (9th Cir. 2014) (discussing the fugitive disentitlement doctrine).

Appellees' motion for sanctions (Docket Entry No. 15) is denied.

Norrie's requests for independent action under Federal Rule of Bankruptcy Procedure 60(d) (Docket Entry No. 21 and 22) are denied.

**AFFIRMED.**

16-60074