NOT FOR PUBLICATION

# FILED

MAR 1 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>MARTIN MUSONGE<br><div align="center">Debtor.</div> | BAP No. NC-20-1060-BKT<br><br>Bk. No. 19-42596 |
| NATHANIEL BASOLA SOBAYO,<br><div align="center">Appellant,</div><br>v.<br>HIEN THI NGUYEN; MARTIN<br>MUSONGE,<br><div align="center">Appellees.</div> | MEMORANDUM[1] |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Charles D. Novack, Chief Bankruptcy Judge, Presiding

Before: BRAND, KLEIN,[2] and TAYLOR, Bankruptcy Judges.

Appellant, Nathaniel Basola Sobayo, appeals an order granting relief

from the automatic stay in Debtor Martin Musonge's case under § 362(d)(1)[3]

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

[2] Hon. Christopher M. Klein, United States Bankruptcy Judge for the Eastern District of California, sitting by designation.

1

and (d)(2) to appellee creditor, Hien Thi Nguyen, so she could proceed with a pending unlawful detainer action against Debtor in state court.[4]

Prior to May 2017, Debtor owned a home in Richmond, California ("Residence"). Debtor sold the Residence in May 2017 to Kingsway Capital Partners, LLC ("Kingsway"), which is owned by Sobayo. Kingsway financed the purchase by borrowing $580,000 from Nguyen. The Kingsway promissory note was secured by a deed of trust against the Residence in favor of Nguyen. Debtor continued to live in the Residence after the sale based on a lease he signed with Sobayo.

Once Kingsway ceased making payments to Nguyen on the note in February 2018, Nguyen started foreclosure proceedings. What followed was a series of state court litigation and bankruptcy filings by Kingsway, Sobayo, and Sobayo's wife in an apparent effort to forestall Nguyen's sale of the Residence. In November 2018, after Kingsway's chapter 11 case was dismissed, Kingsway transferred 95% of its interest in the Residence to Sobayo, leaving 5% to Kingsway. On May 1, 2019, months after the dismissal of Kingsway's chapter 11 case, Nguyen foreclosed on Kingsway's 5% interest in the Residence. On July 3, 2019, after the 30-day automatic stay had expired in Sobayo's second chapter 13 case, Nguyen foreclosed on Sobayo's 95%

---

[3] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

[4] We exercised our discretion to take judicial notice of documents electronically filed in the bankruptcy court, where appropriate. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

interest in the Residence. As a result, Nguyen owned a 100% interest in the Residence as of July 3, 2019.

After Debtor failed to pay rent or vacate the Residence following service of a 3-day notice to quit, Nguyen filed an unlawful detainer action ("UD action") against Debtor in state court. A trial was set for November 19, 2019.

On November 18, 2019, Sobayo, as a creditor of Debtor, filed an involuntary chapter 7 petition against Debtor, which stayed the trial in the UD action. Thereafter, Nguyen moved for relief from the automatic stay under § 362(d)(1) and (d)(2) to continue with the UD action against Debtor in state court. Sobayo opposed the stay relief motion. He claimed that Nguyen's foreclosure sales were invalid and that he was the owner of the Residence. In other words, Sobayo wanted the stay to continue to protect his "ownership" interest in the Residence. After a hearing, the bankruptcy court entered an order granting Nguyen relief under § 362(d)(1) and (d)(2) ("Stay Relief Order").

We lack jurisdiction over appeals when the appellant lacks standing. *See Paine v. Dickey (In re Paine)*, 250 B.R. 99, 104 (9th Cir. BAP 2000). To have standing to appeal a decision of the bankruptcy court, an appellant must show that it is a "person aggrieved" who was "directly and adversely affected pecuniarily by an order of the bankruptcy court[.]" *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442-43 (9th Cir. 1983). A "person aggrieved" is someone whose interest is directly affected by the bankruptcy court's order,

3

either by a diminution in property, an increase in the burdens on the property, or some other detrimental effect on the rights of ownership inherent in the property. *Id.*

An individual creditor does not have independent standing to appeal an order granting stay relief to another creditor, because the automatic stay is intended to protect only the debtor, property of the debtor or property of the estate, and not individual creditor interests. *See The Bank of N.Y. Mellon v. 2298 Driftwood Tide Tr. (In re Barrett)*, 833 F. App'x 668, 670 (9th Cir. 2020) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014); *Sierra Club v. Trump*, 929 F.3d 670, 700 (9th Cir. 2019); *Tilley v. Vucurevich (In re Pecan Groves of Ariz.)*, 951 F.2d 242, 245 (9th Cir. 1991) ("[A] creditor has no independent standing to appeal an adverse decision regarding a violation of the automatic stay.")); *U.S. Bank, Nat'l Assn. v. SFR Inv. Pool 1, LLC (In re Patrone)*, 754 F. App'x 590, 591 (9th Cir. 2019). Here, Sobayo, as a purported creditor, asserts that stay relief should not have been granted because he owned the Residence, not Nguyen. Sobayo is asserting his own interest and not that of Debtor or the estate. As a result, he does not have standing to challenge the Stay Relief Order.

In addition, the Stay Relief Order terminating the stay as to Nguyen and her pending UD action against Debtor did not have direct or adverse pecuniary effect on Sobayo. If anything, terminating the stay furthered Sobayo's goal of removing a "squatting tenant."

4

To the extent that Sobayo may have rights against Nguyen or against Debtor (now that the involuntary chapter 7 case has been dismissed[5]), he remains free to assert any such claims in state court.

Because the automatic stay provisions of § 362 do not protect Sobayo, and he was not "aggrieved" by the termination of Debtor's stay, he lacks standing to appeal the Stay Relief Order.

Accordingly, the appeal is DISMISSED.

---

[5] Although Sobayo appealed the case dismissal order, it does not appear that any stay pending appeal has been requested or granted.