

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>PETER SZANTO,<br><br>         Debtor. | BAP No.  OR-22-1012-BFT<br><br>Bk. No.  3:16-bk-33185-pcm7 |
| PETER SZANTO,<br>         Appellant,<br>v.<br>CANDACE AMBORN, Chapter 7 Trustee,<br>         Appellee. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the District of Oregon
Peter C. McKittrick, Bankruptcy Judge, Presiding

Before: BRAND, FARIS, and TAYLOR, Bankruptcy Judges.

Debtor Peter Szanto appeals pro se[1] an order overruling his objection to a motion filed by the chapter 7[2] trustee, Candace Amborn ("Trustee"), to incur expenses for monthly banking fees for the estate's account at Independent

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] As prior Panels have noted, Szanto is not the ordinary pro se litigant. He has an MBA and a J.D.; he has filed at least three bankruptcy cases in three different states; and he is a serial litigant and party to numerous court cases nationwide. Among other courts, he is subject to a vexatious litigant pre-filing review order in the Ninth Circuit Court of Appeals. *See In re Szanto*, No. 17-80195, Doc. 6 (9th Cir. Nov. 24, 2017).

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

1

Financial (aka Independent Bank).

Szanto filed a chapter 11 bankruptcy case in 2016. After not disclosing some financial accounts and engaging in unauthorized postpetition transfers of funds, Szanto's case was converted to chapter 7. Ultimately, he was denied a discharge.

Since then, Szanto has been on a relentless crusade against Trustee and her professionals in the Oregon bankruptcy court. He has burdened not only that court with his many meritless pleadings, but he also has burdened the Oregon district court, this Panel, and the Ninth Circuit Court of Appeals with his many meritless bankruptcy appeals. This appeal is no different.

Trustee maintains a bank account for the Szanto chapter 7 estate with Independent Financial, which had agreed to waive monthly fees for several years. However, due to the length of time the case has been pending (over six years), waiver of these fees was no longer reasonable or feasible.

Trustee filed a Motion and Notice of Intent to Incur Expenses for the monthly banking fees of approximately $570.00 for the Szanto account ("Banking Fees Motion"). Szanto objected, arguing that Independent Financial was not an FDIC bank, it was not located in Oregon, and Trustee was improperly allowing a non-FDIC, non-Oregon bank to hold the estate's money. He also accused Trustee of pocketing the "phony" fees and alleged that the bankruptcy court would condone such conduct. Finally, he argued that the fees were usurious and excessive. In response, Trustee presented evidence that Independent Financial is an FDIC insured bank, as part of the

2

Independent Bank Group, Inc., the funds are held in accordance with statutory and United States Trustee requirements, and under the Uniform Depository Agreement in place, Independent Financial is permitted to assess fees for services, subject to court approval as reasonable. Trustee argued that the monthly banking fees were reasonable.

The bankruptcy court granted the Banking Fees Motion. It first found that Szanto likely lacked standing to object because he was not "directly and adversely affected pecuniarily" by an order approving banking fees. However, even if Szanto had standing, the court overruled his objection because Independent Financial is an FDIC insured bank and has complied with all requirements for bankruptcy estate accounts, and the monthly fee amount was consistent with similar cases and reasonable, particularly since Trustee had negotiated a fee waiver for several years.

"We lack jurisdiction over appeals when the appellant lacks standing." *Landress v. Cambridge Land Co. II, LLC (In re Cambridge Land Co. II, LLC)*, 626 B.R. 319, 323 (9th Cir. BAP 2021), *appeal dismissed*, No. 21-60027, 2022 WL 15523094 (9th Cir. Oct. 27, 2022). As the appellant, Szanto has the burden to establish standing. *Id.* Bankruptcy appellate standing requires an appellant to show that it is a "person aggrieved" who was "directly and adversely affected pecuniarily" by the bankruptcy court's decision. *Palmdale Hills Prop., LLC v. Lehman Com. Paper, Inc. (In re Palmdale Hills Prop., LLC)*, 654 F.3d 868, 874 (9th Cir. 2011); *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442-43 (9th Cir. 1983). "A 'person aggrieved' is someone whose interest is directly affected by

the bankruptcy court's order, either by a diminution in property, an increase in the burdens on the property, or some other detrimental effect on the rights of ownership inherent in the property." *In re Cambridge Land Co. II, LLC*, 626 B.R. at 323 (citing *In re Fondiller*, 707 F.2d at 442-43).

Generally, a chapter 7 debtor lacks standing to challenge a bankruptcy court order concerning the administration of the estate. However, when the debtor has been denied a discharge, the debtor has a pecuniary interest in the administration of the estate and has standing to challenge the trustee's actions. *Koshkalda v. Schoenmann (In re Koshkalda)*, 622 B.R. 749, 764 n.7 (9th Cir. BAP 2020). Because Szanto was denied a discharge, he is directly and adversely affected pecuniarily by the order granting the Banking Fees Motion; he is a "person aggrieved," and has standing to appeal. To the extent the bankruptcy court granted the Banking Fees Motion on the basis of lack of standing, this was error; but it was harmless error.

The only argument Szanto asserts in his opening brief is that Independent Financial does not exist. He did not raise this argument before the bankruptcy court. Generally, we will not consider arguments raised for the first time on appeal. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Even if we did, Szanto's argument lacks merit. Trustee submitted ample evidence to show that Independent Financial exists and is qualified to hold estate assets. Szanto's remaining arguments raised for the first time in his reply brief are waived. *Id.* (appellate court does not consider arguments raised for the first time in a reply brief). In summary, the record demonstrates

4

that the bankruptcy court did not abuse its discretion in granting the Banking Fees Motion.

At oral argument, Szanto railed against Trustee and her professionals accusing them of "thieving" and "looting" the estate and accusing the court of being complicit in these acts. These arguments had no basis in the record and were not relevant to the issues on appeal. This is not the first time that Szanto has engaged in this type of conduct before this Panel.[3] He has been given a full and fair opportunity to argue the issues in all of his appeals; however, the Panel will no longer tolerate his repeated practice of using every appeal before us as an opportunity to hurl insults and make absurd accusations about Trustee, her professionals, and the court. Szanto is cautioned to use his time to address the issues presented in his appeals without unwarranted personal attacks.

For the reasons stated above, we AFFIRM.

---

[3] For example, *see Szanto v. Amborn (In re Szanto)*, BAP No. 21-1118-GBS; *Szanto v. Hon (In re Szanto)*, BAP No. 21-1069-FBS; *Szanto v. Amborn (In re Szanto)*, 20-1167-LBT; *Szanto v. Amborn (In re Szanto)*, BAP No. 20-1148-BTL; *Szanto v. United States Tr. (In re Szanto)*, BAP No. OR-20-1106-TLB.