FILED

OCT 30 2024

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>SYLVIA NICOLE,<br>           Debtor. | BAP No.  EC-24-1032-GCB<br><br>Bk. No. 21-10679 |
| SYLVIA NICOLE,<br>          Appellant,<br>v.<br><br>T2M INVESTMENTS, LLC,<br>          Appellee. | Adv. No. 21-01015<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Eastern District of California
Jennifer E. Niemann, Bankruptcy Judge, Presiding

Before: GAN, CORBIT, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[1] debtor Sylvia Nicole ("Debtor") appeals the bankruptcy

court's judgment in favor of defendant and appellee T2M Investments,

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

LLC ("T2M"). After dismissing several of Debtor's claims, the bankruptcy court conducted a trial on Debtor's claims for breach of contract and contract fraud. Debtor alleged that T2M breached the terms of a prepetition settlement agreement under which Debtor agreed to transfer title to her residence in exchange for T2M's release of its lien on an adjacent empty lot.

The court held that Debtor breached the agreement by failing to execute a deed in lieu of foreclosure or provide contact information, and her breach excused T2M's performance. The court denied Debtor's claim for contract fraud because it was duplicative of her claim for breach of contract. Debtor does not demonstrate error; we AFFIRM.

## FACTS[2]

### A.    Prepetition events

In 2012, Debtor purchased two parcels of real property in Los Banos, California: a parcel with a residence, where Debtor lived (the "Residence"), and an adjacent vacant lot ("the "Vacant Lot"). At the time of purchase, she executed a promissory note for $128,000, secured with a single deed of trust on the Residence and Vacant Lot. The note required Debtor to make interest-only monthly payments beginning September 1, 2012, and full payment by August 1, 2017, but permitted Debtor to extend the term for an additional five years if she was current at the end of the initial term.

---

[2] Debtor did not provide excerpts of the record. We exercise our discretion to take judicial notice of documents electronically filed in the adversary proceeding and main bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

In December 2014, T2M purchased the note and deed of trust. At approximately the same time, Debtor granted Tam Nguyen a junior deed of trust on the Residence to secure a purported obligation of $3,500. At the end of the initial term, T2M claimed that Debtor was not current with her interest-only note payments or real property taxes, and it declined to extend the term of the note.

T2M initiated foreclosure proceedings but agreed to suspend the trustee's sale for over a year to allow Debtor to either refinance or sell the property. During this time, Debtor filed at least one state court suit against T2M and at least three bankruptcy petitions.[3] She also deeded title to the Residence to her wholly owned corporation, GLVM.

In August 2019, Debtor and GLVM attempted to sell the Residence for $200,000. Based on estimates for costs of sale, unpaid real property taxes, and payment of the second deed of trust to Ms. Nguyen, T2M needed to reduce the amount it was owed by $9,460.45 to allow the sale to close.

On August 18, 2019, Debtor left a letter at the offices of the entity employed by T2M to conduct the trustee's sale. The letter included an executed, notarized grant deed for the Residence from GLVM to T2M and stated:

---

[3] Including the present case, Debtor has filed twenty-four bankruptcy petitions since 1996, using the names Sylvia Nicole, Christina Sanchez, and Van Kim Lai. Her cases generally have been dismissed, but she received a chapter 7 discharge on April 17, 2019, in Case No. 1:18-bk-13218.

Dear Sir/Madam, thank you for the new payoff information that you provided to escrow last week. The escrow officer is processing the file but she needs additional time to finish the transaction. In the event that your client does not approve another extension of time to close the sale to pay off the mortgage, GLVM agrees to surrender the [Residence] to your client in place of foreclosure auction. Attached is the original grant deed from GLVM to T2M Investments, LLC, should your client choose not to have the property sold to a third party and relieve GLVM from further foreclosure proceeding of the property.

Debtor believed that the proposal would operate as a sale of the Residence to T2M and would result in payment of real property taxes and Ms. Nguyen's junior lien. She expected an escrow account would be opened to complete the transaction described in her letter. T2M understood the letter as GLVM's proposal to provide T2M with marketable title to the Residence in exchange for stopping foreclosure proceedings on both properties and releasing its interest in the Vacant Lot.

Based on Debtor's letter, T2M's lawyer, Steven Altman, drafted a settlement agreement (the "Agreement") between Debtor, GLVM, and T2M. The Agreement provided for Debtor and GLVM to convey to T2M title to the Residence and for T2M to release its lien on the Vacant Lot. T2M executed the Agreement on August 26, 2019, and Debtor and GLVM executed the Agreement on August 27, 2019. When Mr. Altman received the fully executed Agreement from Debtor, he signed it but backdated his signature to August 26, 2019.

4

Consistent with the Agreement, Debtor vacated the Residence and turned over possession to T2M on September 4, 2019. Debtor did not leave any forwarding address, telephone number, or other contact information as required by the Agreement. T2M recorded the grant deed which Debtor attached to her August 18, 2019 letter, but it did not immediately release its lien on the Vacant Lot because it intended to do so when it subsequently sold the Residence.

T2M learned in early 2020 that the grant deed provided by GLVM did not provide it with marketable title to the Residence. T2M stated that it needed a deed in lieu of foreclosure to sell the Residence to a third party, but it was unsuccessful in locating Debtor, and it received no response to telephone calls and emails.

In April 2020, T2M sued Debtor in state court to quiet title, and for specific performance and declaratory relief. After obtaining permission to serve Debtor by publication, T2M obtained a default against her. Debtor filed a motion to set aside the default, and when the state court indicated its intent to deny her motion, she filed the present chapter 13 case in January 2021.

## B.    Debtor's adversary complaint

In July 2021, Debtor filed an amended complaint against T2M and Mr. Altman for breach of contract, contract fraud, mortgage fraud, conspiracy to commit fraud, and contempt. She alleged that T2M and Mr. Altman breached the Agreement by failing to release the lien on the Vacant

5

Lot, and by failing to pay the junior lien in favor of Ms. Nguyen. Debtor alleged fraud against Mr. Altman for backdating the Agreement, and against both Mr. Altman and T2M because they did not open an escrow account for the transaction and supposedly never intended to release the lien on the Vacant Lot.

T2M and Mr. Altman each filed a motion to dismiss the complaint. The bankruptcy court granted Mr. Altman's motion with prejudice because he was not a party to the Agreement and backdating his signature neither induced detrimental reliance nor caused any damage. Regarding T2M, the court denied the motion with respect to Debtor's claims for breach of contract and contract fraud but dismissed the remaining claims with prejudice.

T2M then filed an answer and counterclaim for breach of contract, enforcement of the Agreement, and to quiet title to the Residence, and it joined Ms. Nguyen as a third-party defendant. T2M alleged that Debtor breached the Agreement and it sought to quiet title because GLVM executed a grant deed of the Residence back to Debtor after T2M recorded the grant deed from GLVM, thereby creating a "wild deed." It further alleged that Ms. Nguyen was either Debtor's relative, or a fictional creation, and it challenged her deed of trust as a sham. Ms. Nguyen did not file an answer and T2M obtained a clerk's entry of default against her.

## C. The trial and judgment

In October 2023, the bankruptcy court conducted a trial on Debtor's claims for breach of contract and contract fraud, and on T2M's counterclaims. The court bifurcated trial and considered only the issues of liability.

At trial, Debtor testified that she had discussions with Mr. Altman regarding the proposed settlement and that she never received a completed copy of the Agreement from him. Debtor further testified that Mr. Altman intimidated her and created duress with respect to the Agreement. Mr. Altman denied Debtor's version of events and testified that he never spoke to Debtor about the Agreement. The bankruptcy court found Mr. Altman's testimony more credible.

The bankruptcy court concluded that the intent of the Agreement was for T2M to obtain title to the Residence and for Debtor to obtain title to the Vacant Lot, free of T2M's lien. Implied in the parties' mutual intent was that T2M receive marketable title, which required a deed in lieu of foreclosure instead of the grant deed supplied by Debtor.

The court held that Debtor did not prove a breach of contract because: (1) Mr. Altman was not a party to the contract and thus, the timing of his signature was not relevant; (2) the Agreement did not require T2M to open an escrow account for the Agreement; and (3) T2M was excused from releasing its lien on the Vacant Lot until Debtor provided a deed in lieu of foreclosure. Because the intent of the Agreement was for

7

Debtor to provide marketable title, she breached the covenant of good faith and fair dealing by frustrating T2M's attempts to obtain a deed in lieu of foreclosure and by failing to provide forwarding contact information.

The court then determined that, because Debtor's grounds for contract fraud were the same as her grounds for breach of contract, her contract fraud claim was duplicative. The court denied both of Debtor's claims and awarded judgment in favor of T2M on its breach of contract claim. Finally, the court quieted title to the Residence in T2M.

Debtor filed a motion for reconsideration, which she later withdrew, and a motion to reopen trial to call additional witnesses. The bankruptcy court denied Debtor's motion to reopen the trial and it entered a written order and judgment on February 29, 2024. Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err by holding that Debtor breached the settlement agreement, thereby excusing T2M's performance?

Did the bankruptcy court err by holding that Debtor's contract fraud claim was duplicative of breach of contract?

Did the court err by dismissing Debtor's claims against T2M's attorney, Steven Altman?

Did the court err by quieting title in favor of T2M?

**STANDARDS OF REVIEW**

When we hear an appeal from a judgment entered after trial, we review the bankruptcy court's legal conclusions de novo and its factual findings for clear error. *See Candland v. Ins. Co. of N. Am. (In re Candland)*, 90 F.3d 1466, 1469 (9th Cir. 1996). Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985). Under de novo review, "we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

**DISCUSSION**

Debtor lists over twenty issues on appeal, but she provides little more than conclusory statements expressing her disagreement with the bankruptcy court. She essentially claims: (1) T2M breached the Agreement by failing to release the lien on the Vacant Lot, but she did not breach the Agreement; (2) the court erred by not addressing her fraud claims; (3) Mr. Altman was a party to the Agreement and committed fraud; and (4) the court should not have quieted title in favor of T2M.

9

**A.** **The bankruptcy court did not err by determining that Debtor breached the Agreement, excusing T2M's performance.**

The elements of a breach of contract under California law are: (1) the existence of a contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages. *First Com. Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001). But "a material breach excuses further performance by the innocent party." *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1602 (2012) (citations omitted); *see also Silver v. Bank of Am. Nat'l Tr. & Sav. Ass'n*, 47 Cal. App. 2d 639, 645 (1941) ("One who himself breaches a contract cannot recover for a subsequent breach by the other party."). "[W]hether a breach of an obligation is a material breach, so as to excuse performance by the other party, is a question of fact." *Brown v. Grimes*, 192 Cal. App. 4th 265, 277 (2011) (citations omitted).

The covenant of good faith and fair dealing is implied by law in every contract. *Thrifty Payless, Inc. v. The Americana at Brand, LLC*, 218 Cal. App. 4th 1230, 1244 (2013). The implied covenant functions "as a *supplement* to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." *Id.* (quoting *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031–1032 (1992)). It "requires each party to do everything the contract presupposes the party will do to accomplish

the agreement's purposes." *Id.* (quoting *Harm v. Frasher*, 181 Cal. App. 2d 405, 417 (1960)).

Although the Agreement did not specify that Debtor would provide a deed in lieu of foreclosure, the court held that one of the Agreement's purposes was for T2M to receive marketable title, which required a deed in lieu of foreclosure. The court held that the implied covenant of good faith and fair dealing required Debtor to cooperate with T2M by providing contact information and by executing a deed in lieu of foreclosure, and it found that Debtor breached the Agreement by failing to do both.

Debtor does not explain how the court's factual findings are clearly erroneous. She does not contest the court's finding that the parties intended for T2M to obtain marketable title to the Residence. And the court's finding that Debtor materially breached the Agreement, thereby excusing T2M's performance, is neither illogical, implausible, nor without support in the record. We discern no reversible error.

**B.     The bankruptcy court did not err by denying Debtor's claim for contract fraud.**

The bankruptcy court denied Debtor's claim for contract fraud because it was based on the same grounds as her claim for breach of contract. We agree. Debtor alleged that T2M did not intend to remove the lien after it took possession of the Residence, but she never alleged—nor proved—any misrepresentation by T2M. She alleged only that T2M failed

11

to perform under the contract by refusing to release its lien, which is the basis of her breach of contract claim.

On appeal, Debtor argues that T2M committed fraud by taking possession of the Residence "illegally without escrow protection." But the Agreement did not require T2M to open escrow, nor is there evidence in the record to demonstrate any misrepresentation from T2M about opening escrow. The bankruptcy court did not err by denying the claim for contract fraud.

## C. The bankruptcy court did not err by dismissing Debtor's claims against Mr. Altman.

Debtor argues that Mr. Altman was a party to the Agreement, and he committed fraud. But Debtor offers no argument relative to the court's decision to dismiss her claims against Mr. Altman, and again, we perceive no error.

The bankruptcy court dismissed Debtor's claims against Mr. Altman pursuant to Civil Rule 12(b)(6), made applicable by Rule 7012, which provides that dismissal is appropriate if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A motion to dismiss "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). We review

the bankruptcy court's decision to dismiss under Civil Rule 12(b)(6) de novo, accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party. *Calise v. Meta Platforms, Inc.,* 103 F.4th 732, 738 (9th Cir. 2024); *Narayanan v. Brit. Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014).

The bankruptcy court properly held that Mr. Altman is not a party to the Agreement, and thus, cannot be liable for breach of contract. He merely prepared the Agreement for his client, T2M, and forwarded it to Debtor. The Agreement does not identify Mr. Altman as a party, and he has no rights or obligations under it.

The court also correctly dismissed Debtor's fraud claims against Mr. Altman. Debtor argues that Mr. Altman committed contract fraud by sending the Agreement to her without his signature and later backdating it. But, as the bankruptcy court held, his lack of signature was not a misrepresentation, it could not induce detrimental reliance, and it caused no damage.

Finally, to the extent that Debtor argues Mr. Altman made misrepresentations about the Agreement, the bankruptcy court believed Mr. Altman's testimony that he had no communication with Debtor, and it found Debtor's contrary testimony not credible. We "give singular deference to a trial court's judgments about the credibility of witnesses." *Cooper v. Harris*, 137 S. Ct. 1455, 1474 (2017). We find no error by the bankruptcy court in dismissing Debtor's claims against Mr. Altman.

13

**D. The court did not err by quieting title in favor of T2M.**

Although Debtor does not clearly argue that the court erred by granting T2M's request to quiet title, she does argue that Tam Nguyen's junior lien must be paid under the Agreement. We discern no error by the court in quieting title in T2M.

First, Debtor lacks standing to assert Ms. Nguyen's rights. *See Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 442 (9th Cir. 1983) (holding that appellate standing is limited to "those persons who are directly and adversely affected pecuniarily"); *Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 907 (9th Cir. BAP 2011) (prudential standing requires "that a plaintiff must assert its own legal rights and may not assert the legal rights of others" (citations omitted)).

Second, Ms. Nguyen did not respond to T2M's third-party complaint and default was entered. Contrary to Debtor's assertion, the court did not err by refusing to require T2M to satisfy Ms. Nguyen's lien, and Debtor does not demonstrate any error by the court in quieting title to the Residence in T2M.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's judgment.[4]

---

[4] On 9/17/24 Notice of Setting of Oral Argument was sent to Debtor (DE 24). Debtor failed to attend the oral argument on 10/18/24, and the matter was deemed submitted (DE 35). On 10/23/24 Debtor filed a Notice of Change of Address (DE 37) and a Motion to Schedule Hearing (DE 38). Pursuant to Rule 9010-2, Rules of the United